## CORBY v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS — ASSESSMENTS — RECOVERY OF BACK TAXES—INTEREST.

Where plaintiff brought an action to recover back an assessment for paving in a village which had been the subject of annexation proceedings to the city of Detroit and the court held that he was entitled to receive back a portion of the amount paid, exhibits tending to show the resolution of the village council remitting a part of the statutory interest were admissible on the second trial, since it was within the power of the council to adjust the matter of interest by remitting a part thereof by resolution, in view of the abortive attempt to bring about annexation.

2. SAME — STREET IMPROVEMENT — RECOVERY OF TAX PAID UNDER PROTEST.

Having passed a resolution to remit interest during a three-year period when the village affairs were in chaotic condition because there had been an unsuccessful attempt at annexation to the city, and it was therefore difficult to determine to whom to pay the assessment, an estoppel against claiming the remitted interest became in force as to the village.

Error to Wayne; Mandell, J. Submitted October 18, 1915. (Docket No. 103.) Decided June 1, 1916.

Assumpsit by Thomas W. Corby against the city of Detroit and the village of Grosse Pointe Park for the recovery of taxes paid under protest. Judgment for defendants on a verdict directed by the court. Plaintiff brings error. Reversed, with instructions for a verdict to be entered in the lower court in plaintiff's favor.

*Moore & Moore,* for appellant.

*Walter Barlow* and *Walter M. Trevor* (*Harry J. Dingeman,* of counsel), for appellees.

BROOKE, J. This is the second time this case has been before the court. The opinion filed upon the first hearing will be found reported in 180 Mich., at page 208 (146 N. W. 670). As a result of the first hearing this court determined that plaintiff had been overcharged in the sum of $808.67. The case was thereupon remanded to the trial court "to compute the tax against plaintiff as above indicated and enter a judgment in his favor for the balance." When the matter again came up in the circuit court, following the filing of a remittitur, a difference arose between counsel for plaintiff and counsel for defendant as to the correct method of computing the amount which the plaintiff should recover from defendants. Application was thereupon made to this court for a writ of mandamus, to compel the circuit judge to enter judgment according to the contention of plaintiff's counsel. This application was denied by this court, and the parties proceeded to trial in the court below. The record made upon the earlier trial was introduced in evidence, and the facts as therein contained conceded to be true, and thereupon plaintiff's counsel offered in evidence two

exhibits. The first, Exhibit 2, dated April 30, 1910, is as follows:

"Resolved: That the village treasurer be and he is hereby authorized and directed to proceed with the collection of the special assessments on the property formerly within the village of Fairview and now within the village of Grosse Pointe Park as the same appear on the special assessment rolls of said former village of Fairview, said rolls being: Roll No. 3 for the cost of the construction of the Jefferson avenue sewer; and roll No. 7 for defraying the cost of paving Jefferson avenue. *Provided, however*, that no interest be charged or collected from May 8, 1907, to May 8, 1910, by said treasurer on the amounts payable on said rolls; and *provided further*, that where the parties against whose property said assessments were made have paid the parts of the assessments due and payable before May 8, 1907, the time to pay the remaining parts of said assessment be and the same is hereby extended as follows: The time for paying the third part of the assessment for said payment is hereby extended to July 24, 1910. The time for paying the fourth part of said paving assessment is hereby extended to July 24, 1911. The time for paying the fifth part of said paving assessment is hereby extended to July 24, 1912. The time for paying the fourth part of the assessment for said sewer is hereby extended to July 24, 1910. The time for paying the fifth part of the assessment for said sewer is hereby extended to July 24, 1911. Interest on all unpaid assessments to run at the rate of six per cent. (6%) per annum to the time of payment, except for three years above stated. *Provided further*, that all assessments in default on June 1, 1910, be placed upon the general tax roll, as provided by law. And be it further resolved: That the village treasurer send notice by mail of this resolution to the parties whose names appear as owing on said assessment rolls."

A material part of Exhibit 3 is as follows:

"The general assessment roll of the village of Grosse Pointe Park for 1910 contains the following assessments for this payment:

|  | Pavement. | Interest on Paving. |
|---|---|---|
| Thomas W. Corby. All that part of P. C. 502 and 692 lying between Jefferson Ave. & Lake St. Clair.. | $1,913 04 | $358 69 |
| Thomas W. Corby. All that part of P. C. 502 and 692 lying between Kercheval Ave. & Jefferson Ave.. | 1,913 04 | 358 69." |

These exhibits were excluded by the learned trial judge and a computation of the tax was made upon the theory that plaintiff, Corby, should be charged in the computation with all statutory interest and penalties. By the resolution of April 30, 1910, it will be noted that interest for three years, from May 8, 1907, to May 8, 1910, was remitted by the village council.

A consideration of the whole matter leads us to the conclusion that this resolution resulted from a conviction on the part of the council that the chaotic condition of the affairs of the village, resulting from an abortive attempt to annex a portion of its territory to the city of Detroit, constituted a sufficient reason for plaintiff's refusal to pay his tax until it was determined to whom he might legally make payment. We are of opinion that the second trial must be considered as a new trial in the light of our refusal to issue the writ of mandamus, and that the circuit judge should have admitted in evidence the two exhibits in question. We are further of the opinion that it was within the legal power of the village council to adjust its claims for interest in the way it did, and that such adjustment was, under the circumstances, no more than equitable, and, further, that it should now be estopped from claiming interest for the three years by that resolution remitted. Upon the question of the power of a municipality to make such adjustments, see *Prout* v. *Fire District,* 154 Mass. 450 (28 N. E. 679), and *City of Shawneetown* v. *Baker,* 85 Ill. 563. Assuming, therefore, that the exhibits should have been

admitted, and, further, that they should have been made effective according to their tenor in computation of the tax, the account should be stated as follows:

The original assessments against Mr. Corby's lands were confirmed on July 24th, 1905, by the village council of Fairview village.

One description was assessed.................. $1,913 04
One description was assessed..................  1,913 04

Total ........................ .................... $3,826 08
This court held in *Corby* v. *Detroit et al.*, 180 Mich. 208, that there was an overcharge in the assessments of ........................    808 67

The amount of proper tax on July 24, 1905, therefore, was .......................... $3,017 41
This sum should bear interest at 6 per cent. from July 24, 1905, to May 8, 1907, time 1 year, 9 months, and 14 days...............    323 83
No interest under the provisions of Exhibit 2 should be charged from May 8, 1907, to May 8, 1910.
Interest, however, should be charged at 6 per cent. from May 8, 1910, to October 24, 1910, when the tax was returned unpaid to the county treasurer, time 5 months and 16 days (Act 39, Pub. Acts 1899 [1 Comp. Laws 1915, § 2725]) .................................     83 48
The county treasurer's charges should be added, interest at 1 per cent. a month from October 24, 1910, to June 27, 1911, when Mr. Corby paid the tax, time 8 months and 3 days (Act 262, Pub. Acts 1899)..................    244 38
The county treasurer's collection fee at 4 per cent. should be added......................    120 69

This made Mr. Corby's just tax due on June 27, 1911, when he paid the assessment under protest .................................... $3,789 79
He paid the sum of..........................  4,906 94
The amount of his just tax was...............  3,789 79

The difference due plaintiff therefore was.... $1,117 15

This difference should bear interest at 5 per
  cent. from June 27, 1911, to December 31,
  1915, time 4 years, 6 months, and 4 days....   $251 96

The total amount of plaintiff's judgment should
  therefore be ............................. $1,369 11

The case will be remanded to the circuit court, with
instructions to enter judgment in plaintiff's favor for
the sum of $1,369.11.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE,
STEERE, and PERSON, JJ., concurred.