CITY OF NEGAUNEE *v.* STATE TAX COMMISSION.

1. Taxation—Local Board of Equalization—Jurisdiction—General Assessment.

The making of a new general assessment by a local board of equalization is beyond the scope of its jurisdiction.

2. Same—Assessment.

Property must be assessed at its actual cash value.

3. Same—City Board of Review—Re-Examination of Assessment of Individual Parcels—General Assessment.

The board of review of a city has the power and discretion to re-examine and review the assessments on individual parcels but has no statutory power to make a general reduction in the values determined by the city assessors.

4. Same—State Tax Commission—City Board of Review—General Assessment.

Order of State tax commission in restoring a general reduction, made by city board of review in values determined by the city assessor, *held* to have been made pursuant to responsibility imposed upon it by law but not to have effectuated limitation upon city board's power as to assessments for later years.

5. Costs—Public Question—General Reduction of Assessment.

No costs are allowed on appeal from order of State tax commission as to general reduction of assessments by city board of review, a public question being involved.

Appeal from Michigan State Tax Commission. Submitted April 8, 1953. (Docket No. 18, Calendar No. 45,759.) Decided June 8, 1953. Rehearing denied October 5, 1953.

References for Points in Headnotes
[1, 3, 4] 51 Am Jur, Taxation § 742.
[2] 51 Am Jur, Taxation § 696.
[5] 14 Am Jur, Costs § 91.

The tax rolls of the City of Negaunee were reviewed by the Michigan State Tax Commission. Order restoring assessments to their condition prior to a "cross the board" reduction. City of Negaunee appeals. Affirmed.

*Aaron Lowenstein,* for City of Negaunee.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *T. Carl Holbrook,* Assistants Attorney General, for Michigan State Tax Commission.

*Amicus Curiae:*

*Davidson & Clancey,* for Cleveland-Cliffs Iron Company.

BUSHNELL, J.  In 1948 defendant State tax commission, after approval of a request by the board of supervisors of Marquette county, adopted a resolution to proceed on its own motion "to reassess all properties of Marquette county subject to ad valorem taxation, and assume jurisdiction over all local, county and State processes of assessment to be placed upon the 1949 assessment rolls for said county." The 1949 assessment roll of the city of Negaunee was thereafter prepared under the supervision and guidance of the reassessment staff of the State tax commission. The assessment roll was reviewed and the reassessment was certified according to law. See CL 1948, § 211.152 (Stat Ann 1950 Rev § 7.210).

In its work of reassessing each of the 34,200 parcels of property in the county of Marquette (see page 6 of the 26th report of the Michigan State tax commission and the State board of assessors 1949–1950), the commission prepared a separate appraisal card

for each parcel.  Under a heading entitled: "Econ.
Depr. % Cond.," meaning economic depreciation
percentage considered, the commission entered the
figure 80.  This percentage determination is a part
of the procedure used by the tax commission in de-
termining what is the economic factor of the market
for real estate in a given locality to the commission's
100% building cost norm.  The separate assessments
of individual parcels of real property and chattels
real in the city of Negaunee were thus assigned an
80% valuation as representing the local market for
such property, based on the law of supply and de-
mand.

The total reassessed valuation in the city of Negau-
nee for the year 1949 was real property, $9,453,290;
personal property, $4,303,925; and total valuation,
$13,757,215.  (See 26th report, page 6, *supra.*)  The
reassessment of all properties thus reviewed could
not thereafter be changed for a period of 3 years
"where the property remains substantially the same,
without the written consent of said board."*  (CL
1948, § 211.152 [Stat Ann 1950 Rev § 7.210].)  This
so-called 3-year freeze period continued during 1949,
1950 and 1951.

In 1952 the Negaunee city assessor entered the
1949 assessment figures on the city assessment roll.
The board of review of the city of Negaunee, which,
under article 9, § 9.3 of the city charter, consists of
the members of the city council, began its hearing
on March 4, 1952, and on March 16th adopted a reso-
lution in which it is recited that the assessments on
real estate and chattels real "appear to have been
based upon improper weight having been given to

---

* The "board," here referred to, is the board of State tax com-
missioners.    That board was abolished, its powers and duties
transferred to the State tax department, which in turn has been
abolished and superseded by the State tax commission, see
CL 1948, §§ 209.152, 209.103 (Stat Ann 1950 Rev §§ 7.621, 7.633).—
REPORTER.

the factor of economic obsolescence," and that a downward revision was required to make valuations fair and equitable. The board of review, therefore, resolved:

"1. That the factor of economic obsolescence as applied to said real estate and chattels real in the city of Negaunee is by these presents redetermined.

"2. That in accordance with said redetermination a 10% reduction in all said valuations is by these presents ordered and spread upon the tax roll of the city of Negaunee."

The chattels real included in the assessed property in Negaunee are structures occupied for residential purposes and erected on lands leased from the mining company.

The tax roll books were formally signed by the members of the board of review and closed for the year 1952 on March 16, 1952. On April 23d the Cleveland-Cliffs Iron Company, which states that it pays about 85% of the city taxes, filed a protest with the city of Negaunee against what it characterized as a partial and discriminatory 10% reduction in valuation of property in that city. The State tax commission was asked to restore the original assessment for the reason that the 10% reduction was unwarranted unless the same factor of reduction was extended to surface structures, mechanical equipment at mines, and other property owned by Cleveland-Cliffs. The city, on the other hand, claims that Cleveland-Cliffs "was the greatest beneficiary of the city adjustment."

The tax commission entered an order on September 29, 1952, for review of assessments in the city of Negaunee upon its "own initiative as well as upon the complaint filed in the matter," and conducted a public hearing at the city of Negaunee on October 16, 1952.

The Cleveland-Cliffs Iron Company as *amicus curiae* participated in the several hearings conducted by the State tax commission. The valuation of its mining and mineral properties was fixed for the year 1952 by the State geologist, under authority of section 24 of the general property tax act (CL 1948, § 211.24 [Stat Ann 1950 Rev § 7.24]). This valuation totaled $12,775,000. To this total should be added the value of chattels real, nonmining real estate, and certain personal property of Cleveland-Cliffs as valued by the city assessor.

The State tax commission declined to receive the testimony of George Sivula, the mayor of the city of Negaunee and a member of the board of review, who is a licensed real estate operator. Sivula's testimony was offered on the question of the propriety of the reduction of values "from 80 to 70%." The commission declined to hear this testimony on the advice of its counsel and because of the objection of Cleveland-Cliffs. Counsel for the city made no objection to the ruling of the commission. The city has appealed from the final order of the commission which was entered on November 5, 1952. The pertinent portions of that order are:

"It Is Hereby Ordered, That the use of the State tax commission column by the board of review would not invalidate the assessment roll for the city of Negaunee for the year 1952 and the State tax commission can, by pasting or stapling over the column which was wrongfully used by the board of review, make such proper entries of valuation as is necessary.

"It Is The Further Order of this commission that the resolution passed by the board of review was improper and illegal and not proper review of the values of the property affected. There is no authorization for omnibus decrease under the theory of

economic obsolescence (*Hayes* v. *City of Jackson*, 267 Mich 523);

"It Is Further Ordered that the individual valuations be and the same are hereby restored as they appeared in said assessment roll prior to the 'cross the board' reduction as set forth in the resolution hereinbefore referred to, and said assessment roll so corrected by the State tax commission shall stand as the assessment roll for the city of Negaunee for the year 1952."

We accept as decisive of the questions raised on appeal the one which is stated as follows:

"When the tax commission in 1948 (*sic*) reassesses an iron-mining community and determines an 80% factor as to economic depreciation, may a city board of review redetermine said factor as to the same property in 1952 at 70%?"

A similar question had attention by this Court in *Hayes* v. *City of Jackson*, 267 Mich 523. The provisions of the charter of the city of Jackson are more specific than those in the charter of the city of Negaunee, but the procedure in each instance was in accordance with the provisions of the respective charters and the general property tax act; particularly sections 28 to 33 thereof. (CL 1948, §§ 211.28–211.33 [Stat Ann 1950 Rev §§ 7.28–7.33].)

In the *Hayes Case* a reassessment of all the taxable property of the city was made over a 7-months' period by the city assessor and a staff of 10 employees. The board of review equalized the assessment roll as to some 350 descriptions of real estate and personal property out of the 850 brought to the board's attention by complaints. At the conclusion of its work the Jackson board of review, over the opposition of one of its members, adopted a 20% over-all reduction on real and personal valuations. Plaintiff Hayes, receiver of Hotel Hayes, protested

a personal property assessment of $35,000 which was reduced by the board of review to $30,000. The general 20% reduction was not thereafter applied by the assessor and city clerk. The receiver paid the tax under protest and brought an action to recover the entire amount paid, claiming that the tax levy was void in its entirety. In the alternative, he sought adjudication for the return of 20% of the amount paid. This Court affirmed the judgment of the trial court and held that the board acted within its power in reducing the valuation of plaintiff's personal property from $35,000 to $30,000, but that the attempted horizontal reduction of 20% on all real and personal property in the city of Jackson was arbitrary and void.

Appellant city of Negaunee seeks to distinguish the *Hayes Case* on the basis of certain dicta in our opinion, where we say:

"It might be claimed that the horizontal reduction as to real estate was proper, on the ground that the system used by the assessor in determining the value of the real estate resulted in excessive valuations, or that the assessments did not sufficiently reflect the depreciation in the values of real estate. However, where personal property is assessed, a different problem arises."

There may be a distinction in the 2 cases, but there is no difference in the applicable principle succinctly stated in *City of Lynchburg* v. *Taylor,* 156 Va 53, 62 (157 SE 718), which we quoted and adopted in the *Hayes Case:*

" 'When a local board of equalization after having proceeded to equalize the several items of a general reassessment, then orders a general reduction of 20% in all items of the assessment, including those which it has changed to effect an equalization of the assessment, such action can have no relation what-

ever to the equalization among themselves of the several assessments made by the land assessor. It is, in effect, the making of a new general assessment by the local board of equalization, which is beyond the scope of its jurisdiction.' "

That property must be assessed at its actual cash value is fundamental law in this State. We shall not repeat that which was said in typical cases, such as *S. S. Kresge Co.* v. *City of Detroit,* 276 Mich 565 (107 ALR 1258); *Twenty-Two Charlotte, Inc.,* v. *City of Detroit,* 294 Mich 275; and *Helin* v. *Grosse Pointe Township,* 329 Mich 396, and authorities therein cited.

The true cash value in the light of then market conditions was fixed by the State tax commission on the parcels that were reassessed by it in 1949. The assessor of the city of Negaunee adopted these values as still existing in 1952. The board of review of the city of Negaunee had the power and discretion to re-examine and review the assessments on individual parcels, but it had no statutory power whatever, in the light of the *Hayes Case,* to make a general reduction of 10% in the values determined by the city assessor.

The State tax commission properly determined that the assessments made by the city assessor should, therefore, stand as the assessment roll for the city of Negaunee for the year 1952. In arriving at this conclusion it accepted and discharged the responsibility imposed upon it by law—and there is nothing in this record to indicate any basis for reversal of its action.

The city argues that an affirmation of the order of the State tax commission would "freeze" the assessments of the city of Negaunee for another 3-year period. That assumption is wholly unwarranted in the light of the determination of the State

tax commission, which limited the effect of its order to the assessment roll for the year 1952.

It is unnecessary to add to the length of this opinion by discussing other questions raised on this appeal, since the one we have determined is decisive of the entire matter.

The order of the State tax commission is affirmed. A public question being involved, no costs are allowed.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.