NAPH-SOL REFINING COMPANY *v.*
TOWNSHIP OF MUSKEGON.

1. TAXATION—VALUATION OF OIL REFINERY'S TANKS—STATE TAX COMMISSION.

   Evidence adduced in oil refining company taxpayer's actions to recover property taxes paid under protest *held,* not to show that State tax commission's method for working out value of storage tanks according to size of tank and capacity was unfair.

2. SAME—VALUATION OF PROPERTY—FRAUD—EVIDENCE—ERROR OF JUDGMENT.

   Before the court is justified in holding a tax to be illegal because the assessing officers acted fraudulently, that fact should be clearly shown by the evidence; an error of judgment by the officers of their valuations of property being insufficient.

3. SAME—VALUATION—STATE TAX COMMISSION.

   The final arbiter of value of property for taxing purposes is the State tax commission, when it has jurisdiction.

4. SAME—COURTS—FRAUD—DISCRETION OF ASSESSORS.

   Assessments of properties for purposes of taxation will not be disturbed by courts unless they are so at variance with undisputed facts as to be a fraud upon the taxpayer, notwithstanding courts might disagree with conclusions of assessing officers in the exercise of their discretionary power and adopt a different figure upon the same evidence.

5. SAME—VALUATION—COURTS.

   Courts cannot substitute their judgment as to the valuation of property for the judgment of duly constituted tax authorities

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]   51 Am Jur, Taxation §§ 119-121.
[2] 51 Am Jur, Taxation §§ 724, 725.
[4, 5] 51 Am Jur, Taxation § 770.
[6] 51 Am Jur, Taxation § 725.

unless assessments are shown clearly to transgress reasonable limits, mere overvaluation or error of judgment not amounting to fraud not being enough to warrant court interference.

6. SAME—OIL REFINERY PROPERTY—VALUATION.

Plaintiff oil refinery property *held,* not to have been overvalued by comparison with valuations placed on other property in the township so as to result in plaintiff paying more than its just proportion of taxes under evidence adduced, there being no exact science in the evaluation of such property.

Appeal from Muskegon; Beers (Henry L.), J. Submitted April 5, 1956. (Docket Nos. 26, 27, Calendar Nos. 46,717, 46,718.) Decided June 4, 1956.

Two actions by Naph-Sol Refining Company, a Michigan corporation, against the Township of Muskegon, a constitutional body corporate, to recover taxes paid under protest on 2 different parcels of land. Cases consolidated for trial and appeal. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Street & Sorensen (Harold M. Street, of counsel),* for plaintiff.

*Charles A. Larnard,* for defendant.

BOYLES, J. Plaintiff corporation owns 2 separate parcels of land in Muskegon township, Muskegon county. On parcel 1 three dwelling houses and two 55,000-barrel gasoline storage tanks are located. On the other parcel plaintiff's offices, its refining plant, a number of gasoline and crude-oil storage tanks, and other items common to an oil refining plant are located. In 1954 the assessing officer for the defendant township placed a valuation of $96,000 on said first parcel and $358,700 on the second parcel. Plaintiff appeared before the board of review for the township and protested each assessment, "the

manner in which it was made, and the failure of the assessing officer to assess residential property in the township at its true cash value." That board declined to change the assessments, plaintiff took a timely appeal to the State tax commission, and that commission refused to make any changes. Thereupon the plaintiff paid the taxes under protest and brought the instant suits to recover the same (consolidated for trial and on appeal).

They were tried by jury, testimony taken, the trial court concluded that there was no disputed question of fact for the jury to decide, and directed a verdict of no cause for action. From judgment entered accordingly, plaintiff appeals.

The gist of plaintiff's claim, as alleged in its declarations, is that the township assessing officer "acted arbitrarily, capriciously and without regard to the true cash value of the property" in arriving at the assessed value placed by him on plaintiff's properties. No fraud is alleged. Plaintiff's declarations allege:

"That whereas the said assessing officer used a formula in assessing plaintiff's property which resulted in an over-all assessed valuation in excess of the true value thereof the said assessing officer did intentionally and systematically assess all residential property in the township at only 45% of its true cash value."

For reversal, plaintiff claims that the evidence was in conflict as to whether the assessing officer intentionally and systematically assessed residential property in the township at 45% of its true cash value while at the same time assessing plaintiff's property at more than 45% of its true cash value.

At the trial testimony was received as to the value of the houses on plaintiff's parcel 1, as to the total amount that plaintiff had spent for storage tanks,

as to the original cost of the refining plant, the depreciation and the cost of replacement. The director of the field administration for the State tax commission was sworn and testified to the survey made by his staff of field workers in Muskegon township, particularly as to the method of arriving at the value of storage tanks. Plaintiff argues that a jury would not be "bound" to accept such "so-called expert testimony." Appellant particularly complains about the historical method worked out by the State tax commission in fixing a value on storage tanks according to size of the tank and its capacity. However, it was not controverted by testimony to the contrary, and no evidence was adduced to disturb the fairness of such methods.

In an action by a mining company against a township to recover a portion of taxes claimed to be excessive, and paid under protest, and the court below having found that it was unable to find any evidence of fraud or unfairness or any effort to shift taxation from one property to another, on appeal this Court held:

"Before the Court is justified in holding a tax to be illegal because the assessing officers acted fraudulently, that fact should be clearly shown by the evidence; an error of judgment by the officers in their valuations of property being insufficient." *Copper Range Co.* v. *Adams Township* (syllabus), 208 Mich 209.

In *Hudson Motor Car Co.* v. *City of Detroit,* 282 Mich 69, 81 (113 ALR 1472, 1478, 1480), this Court said:

"Under the Constitution and laws of this State, the final arbiter of value for taxing purposes which, when it has jurisdiction, determines the same finally and conclusively, is the State tax commission."

In *S. S. Kresge Co.* v. *City of Detroit* (syllabi), 276 Mich 565 (107 ALR 1258), this Court held:

"Assessments of properties for purposes of taxation will not be disturbed by courts unless they are so at variance with undisputed facts as to be a fraud upon the taxpayer, notwithstanding courts might disagree with conclusions of assessing officers in the exercise of their discretionary power and adopt a different figure upon the same evidence.

"Courts cannot substitute their judgment as to the valuation of property for the judgment of duly constituted tax authorities unless assessments are shown clearly to transgress reasonable limits, mere overvaluation or error of judgment not amounting to fraud not being enough to warrant court interference."

In *Moran* v. *Grosse Pointe Township* (syllabi), 317 Mich 248, this Court held:

"In the absence of fraud, the determination of the State tax commission is final as to the matter of assessment of property for taxes as it has general supervision of the administration of the property tax laws of the State (CL 1929, §§ 3543–3547, 3713).

"Courts are slow to interpose their judgment to say that the assessment of property for taxes has transgressed reasonable limits."

Nothing would be gained by encumbering the opinion with details of the figures put into the record. They do not establish that plaintiff's property was overvalued by comparison with the valuations placed on other property in the township, which, if true, would have resulted in plaintiff paying more than its just proportion of taxes. The evidence falls short of establishing plaintiff's claim that the defendant's assessing officer acted arbitrarily, capriciously, or without regard to the true cash value of plaintiff's property. The evaluation of property

such as that owned by plaintiff is not an exact science. Plaintiff did not meet the burden of showing that its property was not assessed for taxation as nearly as possible on an equal basis with other property in the township. We agree with the trial court that there was no disputed question of fact for the jury to decide.

Affirmed. Costs to defendant.

DETHMERS, C. J., and SHARPE, SMITH, KELLY, CARR, and BLACK, JJ., concurred.

The late Justice REID took no part in the decision of this case.