**C. A. ROBERTS COMPANY v. CITY OF DETROIT.**

**SAME v. COUNTY OF WAYNE.**

1. EVIDENCE—PRIVATE PAPERS—PRIVILEGE.

The private status of papers belonging to private parties who may be engaged in litigation does not necessarily render them privileged from examination by the opposite parties under proper court order.

2. SAME—PRIVILEGE—TAX ASSESSORS.

The public or private character of papers in the possession of tax-assessing officials is not, of itself, controlling of the question of privilege.

3. TAXATION—ASSESSORS—CROSS-EXAMINATION.

Property tax assessing officials may be questioned concerning the information and materials at their disposal and used by them in making assessments on property, but they may not be cross-examined as to the operation of their minds in making the assessments, to the weight they gave various items of information, nor to their reasons for assessing different properties in varying amounts, in the absence of allegations constituting a charge of fraud.

4. COSTS—FAILURE TO PREVAIL IN FULL.

No costs are allowed either party, where defendants appealed and plaintiff cross-appealed and neither party has prevailed in full.

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 10, 1956. (Docket Nos. 56, 57, Calendar Nos. 46,708, 46,709.) Decided September 4, 1956.

Assumpsit by C. A. Roberts Company, an Illinois corporation, against the City of Detroit, a municipal

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur, Evidence § 917 et seq.
[3] 58 Am Jur, Witnesses § 620 et seq.
[4] 14 Am Jur, Costs § 98.

corporation, to recover personal property tax paid under protest. Similar action against the County of Wayne, a municipal corporation. Motion to suppress *subpoenas duces tecum* denied. Defendants appeal and cases consolidated. Plaintiff cross-appeals. Affirmed.

*Hill, Lewis, Andrews, Granse & Adams* (*Edward T. Goodrich* and *William W. Slocum, Jr.*, of counsel), for plaintiff.

*Paul T. Dwyer,* Corporation Counsel, *Bert R. Sogge* and *Julius C. Pliskow,* Assistants Corporation Counsel, for defendant city.

*Gerald K. O'Brien,* Prosecuting Attorney, and *Hobart Taylor, Jr., Philip A. McHugh* and *Aloysius J. Suchy,* Assistant Prosecuting Attorneys, for defendant county.

DETHMERS, C. J. In these consolidated cases plaintiff sues respective defendants to recover personal property taxes paid under protest. It was engaged in the business of warehousing, wholesaling and distributing steel tubing in Detroit in connection with which it had on hand a quantity of "inventory" subject to personal property tax. Plaintiff's declarations allege that its "inventory" and those of other taxpayers were assessed at true cash value; that this was discriminatory in that real estate in Detroit was at the same time assessed at substantially less than true cash value with the result that plaintiff and other owners of "inventories" were required to pay more than their fair share of the taxes; that the discrimination was deliberate, intentional, systematic, arbitrary, calculated and fraudulent, with the intention and for the purpose of requiring the owners of "inventories" to pay taxes thereon on a higher

basis than that on which taxes on real estate were paid; that this operated to deny plaintiff equal protection of the laws and deprive it of property without due process of law.

The cases reached the pretrial admission and discovery docket. The circuit judge entered an order granting plaintiff the right of discovery and to subpoena for examination certain city officials, including members of the board of assessors, and certain of their books, papers and documents.

Defendant city filed a motion to suppress the *subpoenas duces tecum* on the ground that the testimony, records, books and papers sought were privileged, except for the assessment rolls, published reports and communications, and other records usually open to public inspection. This claim of privilege is urged particularly with respect to what defendant city styles (1) nonpublic documents, such as office work papers, notes, statements of staff members and of assessors, records of property sales, construction cost studies, miscellaneous work data with information and notations, et cetera, and (2) limited-public records available only to the taxpayers to whose property the same relate, such as personal property statements, land calculation cards, building construction sheets, et cetera. Defendants predicate this claim of privilege on the custom, usage and classification of the records by the board of assessors. From an order denying the motion to suppress, defendants have appealed, on leave granted.

We are cited to no authority for the proposition that the records and papers which defendants call nonpublic or limited-public are privileged as such either because of the long-standing practice and custom of the office of the board of assessors in treating them thus or because they are not public records required by law to be kept by defendant city or its officers. In litigation between private parties papers

may be possessed which are not public, but their private status does not necessarily render them privileged from examination by the opposite party under proper court order. The rule of evidence is the same whether defendant be a person or a municipal corporation. 81 CJS, States, § 215. Obviously, the public or private character of the papers is not, of itself, controlling of the question of privilege.

Defendants rely largely on *Chicago, Burlington & Quincy R. Co.* v. *Babcock*, 204 US 585 (27 S Ct 326, 51 L ed 636), Michigan cases citing it, *i.e., Newport Mining Co.* v. *City of Ironwood*, 185 Mich 668; *Copper Range Co.* v. *Adams Township*, 208 Mich 209; *Lowrie & Robinson Lumber Co.* v. *City of Detroit*, 237 Mich 138; *Twenty-Two Charlotte, Inc.*, v. *City of Detroit*, 294 Mich 275, and the rule announced in *Babcock* that in an action attacking the validity of an assessment and tax the assessing officers may not be subjected to "cross-examination with regard to the operation of their minds in valuing and taxing" property. We agree with plaintiff that such holding is not authority for defendants' position that the only records the assessors are required to produce are public records or those which they have by custom, usage and practice classified as public or that the only testimony they may be required to give is limited to identification of such "public" records. While cross-examination may not be directed to the operation of the assessors' minds in making the assessments, to the weight they gave various items of information, nor to their reasons for assessing different properties in varying amounts, they may be questioned concerning the information and materials at their disposal, used by them in making the assessments. See cases cited in *Babcock*.

Under the previous decisions of this Court, we cannot agree with plaintiff's position, urged on cross appeal, that the allegations in its declarations con-

stituting what it conceives to be charges of fraud (but see. *Naph-Sol Refining Co.* v. *Muskegon Township*, 346 Mich 16), take these cases outside the rule in *Babcock* which prohibits cross-examination of assessing officers with regard to the operation of their minds in making the assessments.

Consideration of other questions raised we do not deem necessary to decision herein.

Affirmed, without costs, neither party having prevailed in full.

SHARPE, SMITH, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.

EDWARDS, J., took no part in the decision of this case.