## DAVIDSON *v.* CITY OF LANSING.

1. TAXATION—ASSESSMENT—SALE PRICE.

   The sale price by which real estate was sold is an item to be considered by the tax assessor in making an assessment but it is not of and by itself controlling.

2. SAME—ASSESSMENT—STATE TAX COMMISSION.

   The determination of the State tax commission is final as to the matter of assessment of property for taxes, in the absence of fraud, as it has general supervision of the administration of the property tax laws of the State.

3. SAME—ASSESSMENT—MANSIONS—REPRODUCTION COST.

   Assessment of plaintiffs' mansion type dwelling at $95,300, which they had purchased for $75,000, *held,* not subject to recomputation by a court, where there is no evidence of fraud and because of its mansion obsolescence the assessment was reduced to 22% of reproduction cost instead of 35% ratio applied to other properties built approximately at the same time.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation § 727.
[2] 51 Am Jur, Taxation § 770.
[3] 51 Am Jur, Taxation § 709.

Appeal from Ingham; Hughes (Sam Street), J. Submitted April 7, 1959. (Docket No. 67, Calendar No. 47,922.) Decided July 13, 1959.

Bill by Lester A. Davidson and Virnie B. Davidson against the City of Lansing and Ingham County and Lester N. Pressley, city assessor, to compel revision of assessment and to require refund of overpayment. Bill dismissed. Plaintiffs appeal. Affirmed.

*Carl H. Reynolds,* for plaintiffs.

*Joseph Lavey,* City Attorney, for defendants City and Pressley.

*Jack W. Warren,* Prosecuting Attorney, and *Donald A. Jones,* Special Prosecuting Attorney, for defendant County.

KELLY, J. Plaintiffs and appellants in November, 1953, purchased a home in Lansing for $75,000. After plaintiffs' purchase, the Lansing city assessor entered the property upon the tax rolls at an assessed valuation of $95,300, and, while plaintiffs made known that they thought the amount was too high, they paid taxes without protest until January 31, 1956, when the levied tax in the amount of $2,942.86 was paid by appellants under protest.

Appellants sought and were denied relief from the board of review and from the State tax commission. They then filed their bill of complaint in the Ingham county circuit court, asking the court to recompute on the court's basis an adjusted assessed value and require the city of Lansing and the county of Ingham "to return to the plaintiffs such sum as shall thereupon appear to have been excessively assessed and paid."

In a written opinion, the trial court dismissed plaintiffs' bill of complaint, holding there was no proof of intentional overassessment or fraud and, further stating, that in the absence of such proof the court would not substitute its judgment contrary to that of the assessing officer and the State tax commission.

The property in question is of the "mansion" type and is unique and singular in Lansing; it was built by Mr. and Mrs. Harper in 1929 and was never offered for sale during the lives of the Harpers. After Mrs. Harper's death, following her husband's death, because of the expense of owning and maintaining the property, the Central Trust Company negotiated with 3 interested parties for the sale of the property, 1 such party being appellants.

Appellants insist that all assessments in the State of Michigan, including those in Lansing, are wrong because they do not meet the constitutional test (Const 1908, art 10, § 7) that "All assessments hereafter authorized shall be on property at its cash value," but state "to upset all of them would bring about more confusion than anything else; and as long as the ratio between real values and assessed values is reasonably comparable, damage to any 1 taxpayer is unlikely."

Appellants introduced a schedule of comparative assessments of other properties in Lansing, showing selling price and assessed valuation.

Defendant assessor testified that he used the same formula in assessing plaintiffs' property as for all other Lansing properties except plaintiffs' assessment was reduced because of its mansion obsolescence to approximately 22% of its reproduction cost in comparison with the 35% ratio for other properties built approximately at the same time.

The record sustains the trial court's conclusion "that the main contention of the plaintiffs is that

the purchase price paid by them establishes the actual cash value of their property for assessment purposes; that the assessor did not use said price as the assessed value; that his failure to do so was contrary to law."

The sale price paid by appellants was an item to be considered by the assessor, but is not of and by itself controlling. See *Twenty-two Charlotte, Inc.,* v. *City of Detroit,* 294 Mich 275.

In *Moran* v. *Grosse Pointe Township,* 317 Mich 248, we held that in the absence of fraud, the determination of the State tax commission is final as to the matter of assessment of property for taxes as it has general supervision of the administration of the property tax laws of the State.

After examining the record submitted herein, we agree with the trial court that there was no evidence of fraud and, therefore, affirm the trial court in his dismissal of plaintiffs' bill of complaint.

Affirmed. Costs to defendants.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.