**Harry B. HELMSLEY, Plaintiff-Appellant,**

v.

**CITY OF DETROIT, MICHIGAN, a Municipal Corporation of the State of Michigan, Defendant-Appellee.**

No. 15134.

United States Court of Appeals
Sixth Circuit.

July 25, 1963.

Henry J. Freud, Detroit, Mich. (James P. Mattimoe, Detroit, Mich., on the brief), for appellant.

Julius C. Pliskow, Detroit, Mich. (Robert Reese, Corp. Counsel, Vance G. Ingalls, Irving S. Wolfe, Nick Sacorafas, Assts. Corp. Counsel, City of Detroit, Detroit, Mich., on the brief), for appellee.

Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

CECIL, Chief Judge.

This is an appeal from a judgment of the United States District Court for the Eastern District of Michigan, Southern Division, in an action brought by the plaintiff under the Declaratory Judgment Act (Section 2201, Title 28, U.S.C.) to declare the assessments for 1960 and 1961 ad valorem taxes, on certain industrial real estate in the city of Detroit owned by plaintiff, as being in violation of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States. Harry B. Helmsley, plaintiff-appellant, and City of Detroit, defendant-appellee, will be referred to as plaintiff and defendant, respectively.

The district judge acting sua sponte dismissed the complaint for lack of jurisdiction and the plaintiff appealed.

The plaintiff claims jurisdiction by virtue of diversity of citizenship, the amount in controversy being in excess of $10,000, exclusive of interest and costs (Section 1332, Title 28, U.S.C.). He also claims jurisdiction by reason of the existence of a federal question under the Fourteenth Amendment to the Constitution of the United States. (Section 1331, Title 28, U.S.C.)

The property in question as described in the complaint was purchased by a partnership of which the plaintiff was a member, for the sum of $500,000. At the time this action was commenced, the plaintiff had succeeded to the sole ownership. We will refer to him as the owner and purchaser. The property was described as an obsolete manufacturing plant, consisting of eleven factory buildings, an office building and a power house. It had been abandoned as a manufacturing plant by Murray Corporation of America in 1954. It is alleged that the only possible present use for the property is division into small or light industrial tenancies, and that even for such purpose part of it is unusable.

For the years in question, 1960 and 1961, the assessment for tax purposes was $3,532,350, of which amount $3,230,-180 was for buildings and $302,170 was for land. On the basis of this assessment, the tax burden for the year 1961 was approximately $180,000. At the current level of taxes, the plaintiff suffered a loss of $360,000 in carrying the property from April 1, 1960, to July 1, 1961.

The plaintiff charges that the assessing officials of the city of Detroit are "wilfully and deliberately following an intentional and systematic plan to assess the property in a wrongful manner and without any regard whatever to its true cash value;" that their method "is arbitrary, capricious and based on fundamentally unsound principles;" and that the result is "so totally unreasonable as to constitute fraud in law." He further charges that while the assessors are wilfully assessing his property at seven times its cash value, they are wilfully assessing most Detroit property at an average of one-third to one-half of cash value.

Having exhausted all administrative remedies by timely and proper appeals to the Board of Review of the City of Detroit and to the State Tax Commission, the plaintiff sought relief in the United States District Court. The plaintiff claims that the action of the assessing officials deprives him of his property without compensation and without due process of law and denied him equal protection of the laws all in violation of the Fourteenth Amendment.

The law of the state of Michigan and the city of Detroit provides that the assessment of all real and personal property for ad valorem taxes shall be uniform and at cash value. (Art. X, Secs. 3, 7, Mich.Const.; Title VI, Ch. II, Sec. 1, Charter, City of Detroit; Comp.L. Mich., 1948, Sec. 211.24, MSA Sec. 7.24) Cash value is defined as the price which could be obtained for the property at private sale and not at forced or auction sale. (Comp.L.Mich., 1948, Sec. 211.27, MSA Sec. 7.27) The plaintiff alleges that the property in question is assessed at over seven times its true cash value.

The defendant filed an answer, in which it was alleged inter alia, that the plaintiff had not resorted to "the plain, available and adequate remedy at law provided" by the Michigan statutes. This question arose at a pretrial conference and since the defendant did not file a motion to dismiss the complaint the trial judge considered the question sua sponte.

Section 1341, Title 28, U.S.C. (Johnson Act) provides, "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Even though the plaintiff is not seeking to "enjoin, suspend or restrain the assessment, levy or collection of any tax under" the law of Michigan, it is the duty of a district judge to withhold relief by way of declaratory judgment where it appears that the taxpayer has an adequate remedy under state law. Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 300, 63 S.Ct. 1070, 87 L.Ed. 1407.

In Matthews v. Rodgers, 284 U.S. 521, 525–526, 52 S.Ct. 217, 219–220, 76 L.Ed. 447, the court said: "The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunc-

tion with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it. Whenever the question has been presented, this Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may be brought to this Court for review if any federal question be involved."

We turn now to the state remedies. In the first instance taxable property is assessed at its estimated true cash value. (Comp.L.Mich.1948, Sec. 211.24, MSA Sec. 7.24) This assessment is subject to review by a board of review on complaints of individual taxpayers. A further review may be had before the State Tax Commission. (Comp.L.Mich. 1948, Sec. 211.152, MSA Sec. 7.210) There is no provision for a judicial review from a decision of the commission. Its action is final. (Comp.L.Mich.1948, Sec. 211.152, MSA Sec. 7.210) Plaintiff has exhausted this avenue of relief. We do not find that review of the action of the commission by certiorari to the Supreme Court of Michigan, as suggested by counsel for the defendant, offers any real practical remedy. The cases [1] cited by counsel in their brief do not support this procedure as an available remedy.

A taxpayer may obtain relief from illegal and discriminatory taxes by injunction in cases of fraud or where irreparable injury would result from payment of the tax. This remedy is available notwithstanding Section 211.114, Comp.L.Mich., 1948 (MSA Sec. 7.168) which provides that "[n]o injunction shall issue to stay proceedings for the assessment or collection of taxes." Wyzlic v. City of Ironwood, 365 Mich. 87, 112 N.W.2d 94; United States Cold Storage Corp. v. Detroit Board of Assessors, 349 Mich. 81, 89, 84 N.W.2d 487; Haggerty v. City of Dearborn, 332 Mich. 304, 316, 51 N.W.2d 290; Sunday Lake Iron Company v. City of Wakefield, 323 Mich. 497, 506, 35 N.W.2d 470; Twenty-two Charlotte, Inc. v. City of Detroit, 294 Mich. 275, 282, 293 N.W. 647; Sloman-Polk Co. v. City of Detroit, 261 Mich. 689, 247 N.W. 95, 87 A.L.R. 1294; Copper Range Co. v. Adams Township, 208 Mich. 209, 175 N.W. 282. The plaintiff has alleged fraud but if he is not able to establish this claim or cannot show that irreparable injury would result from payment of the tax there is a further remedy open to him.

This remedy appears to be adequate and complete. Comp.L.Mich.1948, Sec. 211.53, as amended by Pub.Acts 1962, No. 133 [2] (MSA Sec. 7.97), provides that a taxpayer may pay the tax under protest and bring suit for recovery of the tax paid. There are many cases in Michigan in which this remedy has been invoked. Davidson v. City of Lansing, 356 Mich. 697, 97 N.W.2d 592; Naph-Sol Refining Co. v. Township of Muskegon, 346 Mich. 16, 77 N.W.2d 255; Haggerty v. City of Dearborn, 332 Mich. 304, 51 N.W. 2d 290; Helin v. Grosse Pointe Township, 329 Mich. 396, 45 N.W.2d 338;

---

1. Thomson v. City of Dearborn, 348 Mich. 300, 83 N.W.2d 329; In re Dearborn Clinic & Diagnostic Hospital, 342 Mich. 673, 71 N.W.2d 212; City of Negaunee v. State Tax Commission, 337 Mich. 169, 59 N.W.2d 136.

2. "Any person may pay the taxes or special assessments, or any one of the several taxes or special assessments, on any parcel or description of land, or on any undivided share thereof, and the treasurer shall note across the face of the receipt in ink any portion of the taxes or special assessments remaining unpaid. He may pay any tax or special assessment, whether levied on personal or real property, under protest, to the treasurer, specifying at the time, in writing, signed by him, the grounds of such protest, and such treasurer shall minute the fact of such protest on the tax roll and in the receipt given. The person paying under such protest may, within 30 days and not afterwards, sue the township for the amount paid, and recover, if the tax or special assessment is shown to be illegal for the reason shown in such protest."

Moran v. Grosse Pointe Township, 317 Mich. 248, 26 N.W.2d 763; Hudson Motor Car Co. v. City of Detroit, 282 Mich. 69, 275 N.W. 770, 113 A.L.R. 1472; S. S. Kresge Co. v. City of Detroit, 276 Mich. 565, 268 N.W. 740, 107 A.L.R. 1258.

The tenor of the opinions in these cases may be stated as follows: "Under the Constitution and laws of this State, the final arbiter of value for taxing purposes which, when it has jurisdiction, determines the same finally and conclusively, is the State tax commission." Hudson Motor Car Co. v. City of Detroit, 282 Mich. 69, 81, 275 N.W. 770, 775.

In Naph-Sol Refining Co. v. Township of Muskegon, 346 Mich. 16, 20, 77 N.W.2d 255, 257, the Court, quoting from the syllabi of S. S. Kresge Company v. City of Detroit, 276 Mich. 565, 268 N.W. 740, stated the general rule: " 'Assessments of properties for purposes of taxation will not be disturbed by courts unless they are so at variance with undisputed facts as to be a fraud upon the taxpayer, notwithstanding courts might disagree with conclusions of assessing officers in the exercise of their discretionary power and adopt a different figure upon the same evidence. * * *

" 'Courts cannot substitute their judgment as to the valuation of property for the judgment of duly constituted tax authorities unless assessments are shown clearly to transgress reasonable limits, mere overvaluation or error of judgment not amounting to fraud not being enough to warrant court interference.' "

▇▇ Taxation is a legislative [3] function and not a judicial function. It is proper therefore that courts should not substitute their judgment for that of the taxing authorities and should not interfere with them except in cases of constructive fraud. The objections which the plaintiff makes to the assessment of the property in the case before us, if proven, would come within the definition

of fraud as given in these cases. He can preserve his constitutional rights in an action to recover taxes paid under protest and secure a review of them by the Supreme Court of the United States. Great Lakes Dredge & Dock Co. v. Huffman, supra.

Under a statute of Louisiana [4] similar to the Michigan payment under protest statute (Comp.L.Mich.1948, Sec. 211.53, MSA Sec. 7.97) the Supreme Court held that the Louisiana law afforded an adequate remedy and that "in the appropriate exercise of the court's discretion, relief by way of a declaratory judgment should have been denied * * *." Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 301–302, 63 S.Ct. 1070, 1074, 87 L.Ed. 1407. At page 298 of 319 U.S., at page 1073 of 63 S.Ct. the Court said: "It is in the public interest that federal courts of equity should exercise their discretionary power to grant or withhold relief so as to avoid needless obstruction of the domestic policy of the states." And at pages 300–301 of 319 U. S., at page 1074 of 63 S.Ct.: "With due regard for these considerations, it is the court's duty to withhold such relief (declaratory judgment) when, as in the present case, it appears that the state legislature has provided that on payment of any challenged tax to the appropriate state officer, the taxpayer may maintain a suit to recover it back. In such a suit he may assert his federal rights and secure a review of them by this Court. This affords an adequate remedy to the taxpayer, and at the same time leaves undisturbed the state's administration of its taxes." We hold that this case is controlling of the issues in the case before us.

Matthews v. Rodgers, supra, involved a statute of Mississippi by which a taxpayer could pay a tax under protest and bring suit in the state court for its recovery. The court held that such a pro-

---

3. Hudson Motor Car Co. v. City of Detroit, 282 Mich. 69, 79, 275 N.W. 770, 113 A.L.R. 1472.

4. La.Acts 1938, Act 330, LSA–R.S. 47:- 1575, 47:1576, 47:2110. This statute differs from the Michigan statute in that the money paid under protest is held in a separate fund until the case is decided.

cedure saves to the taxpayer his federal right and defeats the jurisdiction of federal courts to enjoin collection of the tax.

Judge Starr, Senior District Judge for the Western District of Michigan, in a recent well-reasoned opinion held that the Michigan statute in question afforded a taxpayer an adequate remedy and that the District Court did not have jurisdiction over the subject matter of an action to enjoin the collection of an alleged illegal tax. Carbonneau Industries, Inc. v. City of Grand Rapids, D.C., 198 F. Supp. 629. See also Kohn v. Central Distributing Co., 306 U.S. 531, 59 S.Ct. 689, 83 L.Ed. 965.

Spector Motor Service, Inc. v. Mc-Laughlin, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101, did not reverse Great Lakes Dredge & Dock Co. v. Huffman, as implied by counsel for plaintiff. In this case the court vacated the judgment of the Circuit Court of Appeals and remanded it to the District Court to be held until the state courts of Connecticut decided the questions of state law. The court indicated that the District Court had jurisdiction to entertain the complaint on its constitutional aspects for the reason that the adequacy of a remedy under the Connecticut law was uncertain. The remedy is not uncertain either in our case or the Great Lakes case.

Township of Hillsborough Somerset County, N. J., v. Cromwell, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358, cited by counsel for the plaintiff is not in point as distinguished by the Court. At page 629 of 326 U.S., at page 451 of 66 S.Ct. the Court said: "Thus, however the case may be viewed, the exceptional circumstances which we have noted take it out of the general rule of Great Lakes Dredge & Dock Co. v. Huffman, supra." In this case a taxpayer who claimed that his taxes were too high as compared to other taxpayers of the district could not bring an action to reduce his taxes, but must sue to increase his neighbors' taxes. The court held that this was not an adequate remedy.

In the complaint the plaintiff asks the District Court to fix the assessment

for real estate taxes at $500,000. Counsel argue in the brief that "a judgment for refund following payment under protest does not conclude the controversy, but simply relegates the taxpayer to ultimate re-determination of the tax assessment by an administrative tribunal from whose decisions, made within its broad statutory jurisdiction, there is no appeal to a court."

We do not think it is the function of any trial court, having jurisdiction to hear plaintiff's complaint, to specifically fix the amount of the assessment on his property. The court could only find that the assessment was illegal and discriminatory and point out the reasons for its conclusion. The matter would then have to be remanded to the tax commission which has the final authority to make a reassessment consistent with the court's decision. It would seem that administrative officers would be obligated by their oaths of office to act in accordance with judgments of the courts pointing out the illegality of their past actions.

One of the claims made by plaintiff is that there is no adequate state remedy for the reason that the Michigan statute, which authorizes payment of tax under protest, does not provide for the allowance of interest in the event of a refund. This claim is not substantiated by the Michigan cases. Ready-Power Co. v. City of Dearborn, 336 Mich. 519, 58 N.W.2d 904; Standard Oil Co. v. State of Michigan, 283 Mich. 85, 276 N.W. 908; Corby v. City of Detroit, 191 Mich. 308, 158 N.W. 160; City of Grand Rapids v. Blakely, 40 Mich. 367.

We conclude that the statutes of Michigan afforded the plaintiff an adequate and complete remedy for the adjudication of his claim that the assessment against his property is illegal and discriminatory. In pursuing this remedy he can assert his constitutional rights and have them finally determined in the Supreme Court of the United States. The conclusion reached by the trial judge in his opinion, reported at 205 F.Supp. 793, is correct and the judgment is accordingly affirmed.