XEROX CORPORATION *v.* CITY OF DETROIT

1. DISCOVERY—STATUTES—TAXATION—ASSESSMENT RECORDS.

A personal property taxpayer, claiming discrimination and lack of uniformity in the assessment of its property, is not barred from the discovery and production of working papers in the possession of the board of assessors for a city which will tend to prove or disprove that the taxpayer's property and comparable property were assessed on a uniform basis because of a provision of the general property tax law that the statutory tax statements which the supervisor or assessor has received and filed shall not be used "for any other purpose except the making of assessment for taxes as herein provided", as none of the records which the trial court ordered up for discovery were the statutory statements within that statute (MCLA § 211.23).

2. DISCOVERY—COURT RULE—EQUITY—DOCUMENTS AND PAPERS—PRIVILEGE—RELEVANCY.

Court rule declaring the "Power of court" to provide discovery of documents, papers, books, etc., found not privileged and relevant to the subject matter of the pending action does no more nor less than redeclare equity's historic power to "probe the conscience of the defendant" by ordering discovery and inspection of books, records, documents, physical things and the like that are in the possession or within the defendant's control (GCR 1963, 310.1).

3. DISCOVERY—TAXATION—ASSESSMENT RECORDS—PRIVILEGE—RELEVANCY—COURT RULE.

Order granting discovery of working papers in the possession of the board of assessors of a city alleged to tend to prove or disprove allegations that the taxpayer's property and com-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 23 Am Jur 2d, Depositions and Discovery § 242.
[2] 23 Am Jur 2d, Depositions and Discovery § 141 *et seq.*

parable property were assessed on a uniform basis, based on a finding by the circuit judge that the records ordered to be discovered were not privileged and that they were relevant to the subject matter of the action was proper where, on review, the Michigan Supreme Court was provided no reason for holding that such records were not relevant within the applicable court rule and no reason for holding that a municipality may withhold from judicial surveillance and employment as evidence any municipal assessment record that might bear admissibility upon the issue of valid or invalid payment under protest (GCR 1963, 310.1).

4. Discovery — Private Papers — Privilege — Municipal Corporations.

> In litigation between private parties papers may be possessed which are not public, but their private status does not necessarily render them privileged from examination by the opposite party under proper court order whether the defendant be a person or a municipal corporation, as the public or private character of the papers is not, of itself, controlling of the question of privilege; therefore, the records and papers which a city and county call nonpublic or limited-public are not privileged as such either because of the long-standing practice and custom of the office of the board of assessors in treating them thus or because they are not public records required by law to be kept by the city or its officers.

Appeal from Court of Appeals, Division 3, T. M. Burns, P. J., and Fitzgerald and R. B. Burns, JJ., denying application for leave to appeal from Wayne, Edward S. Piggins, J. Submitted March 2, 1971. (No. 34 January Term 1971, Docket No. 52,560.) Decided April 5, 1971.

Complaint by Xerox Corporation against the City of Detroit and Wayne County to recover personal property taxes paid under protest. Motion for discovery of assessment records in possession of Detroit Board of Assessors granted. Defendants' application for leave to appeal to the Court of Appeals denied. Defendants appeal. Affirmed.

*Butzel, Eaman, Long, Gust & Kennedy* (by *Philip P. Van Zile II, Lawrence R. Van Til*, and *John H. Dudley, Jr.*), for plaintiff.

*Michael M. Glusac*, Corporation Counsel, and *Julius C. Pliskow* and *Lawrence W. Morgan*, Assistants Corporation Counsel, for the City of Detroit.

*William L. Cahalan*, Prosecuting Attorney, and *Aloysius J. Suchy* and *William F. Koney*, Assistant Prosecuting Attorneys, for Wayne County.

PER CURIAM. These consolidated actions were filed to recover personal property taxes paid under protest. Plaintiff Xerox moved for discovery of assessment records in possession of Detroit's Board of Assessors. The circuit judge granted discovery and ordered that Detroit produce such specific portions of those records as are identified in his order. The order declares and finds:

"Plaintiff's motion to require the production of certain designated documents in defendant City of Detroit's possession pursuant to Rule 310 having been heard, the Court finds that plaintiff is entitled to such production and that such documents are not privileged and are relevant to the subject matter involved in the pending actions."

An assigned panel of the Court of Appeals denied defendants' application for leave to review the mentioned order "for lack of merit in the grounds presented."

Application by the defendants for leave to review such order of denial was denied here April 23, 1970. Motion for reconsideration was denied May 21, 1970. Then, upon motion of the Court, an order entered

June 11, 1970, recalling our previous orders of denial and providing grant of the original application.

The controlling question posed for review is properly counterstated:

"Whether a personal property taxpayer, claiming discrimination and lack of uniformity in the assessment of its property, is barred from discovery and production, under GCR 310, of working papers in the possession of Appellants' Board of Assessors which will tend to prove or disprove Appellants' affirmative allegations that the taxpayer's property and comparable property were assessed on a uniform basis?"

In the course of their various briefs defendants have continued to insist that § 23 of the general property tax law (MCLA § 211.23 [Stat Ann 1970 Cum Supp § 7.23]) creates a statutory privilege from discovery of all of the assessment records that were ordered in for inspection and copying by the trial judge. They stress that portion of § 23 which, referring to the statutory tax statement which the supervisor or assessor has received and filed, provides that such statements shall not be used "for any other purpose except the making of an assessment for taxes as herein provided," and that "any officer or person who shall make or allow to be made wilfully or knowingly, any other or unlawful use of any such statement" shall be liable, etc.

We are unable to agree with counsel for defendants. In the first place none of the records ordered up for discovery below are statutory statements within said § 23. In the second place GCR 1963, 310.1, declaring the "Power of court" to provide discovery of documents, papers, books, etc., found not privileged and relevant to the subject matter of the pending action, automatically overrides any such

interpretation as Detroit has placed on said § 23.
The rule does no more nor less than redeclare
equity's historic power to "probe the conscience of
the defendant" by ordering discovery and inspection
of books, records, documents, physical things and
the like that are in the possession or within the
defendants' control, as to which see Pomeroy's
extended discussion headed "Discovery" (1 Pome-
roy's Equity Jurisprudence [4th ed], § 191 *et seq.,*
p 261 *et seq.*).

The circuit judge found that the records ordered
in by him are not privileged and that they are rele-
vant to the subject matter of these actions. On
review we are provided no reason for holding that
such records are not relevant within the rule, and
no reason for holding that a municipality may with-
hold from judicial surveillance and employment as
evidence any municipal assessment record that
might bear admissibly upon the issue of valid or
invalid payment under protest.

Our ruling is that the counterstated question is
controlled by the reasoning and principle laid down
in *C. A. Roberts Company* v. *City of Detroit* (1956),
346 Mich 384. We repeat and apply what was said
in that case (pp 386, 387):

"We are cited to no authority for the proposition
that the records and papers which defendants call
nonpublic or limited-public are privileged as such
either because of the long-standing practice and
custom of the office of the board of assessors in
treating them thus or because they are not public
records required by law to be kept by defendant
city or its officers. In litigation between private
parties papers may be possessed which are not
public, but their private status does not necessarily
render them privileged from examination by the
opposite party under proper court order. The rule
of evidence is the same whether defendant be a per-

son or a municipal corporation.  81 CJS, States, § 215.  Obviously, the public or private character of the papers is not, of itself, controlling of the question of privilege."

Affirmed.  Costs to plaintiff.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.