## READY-POWER COMPANY v. CITY OF DEARBORN.

1. TAXATION—CONSTRUCTION OF STATUTES—UNIFORM RULE FOR ASSESSMENT.
   Fact that taxpayer who had been paying taxes in city wherein it had tax situs on a fiscal-year basis was entitled to pay taxes on personal property warehoused in another city on a like basis might result in no assessment or taxation on such warehoused property at all constitutes no basis for judicial violation of plainly expressed provision of the statute according the taxpayer the right to elect to make return on either a calendar or fiscal-year basis and the rule of uniformity prescribed by the Constitution, the correction of the situation being a matter for the legislature and not for the courts (Const 1908, art 10, § 3; CL 1948, §§ 211.8, 211.13).

2. SAME—PERSONAL PROPERTY—BASIS OF RETURN.
   A taxpayer under the general property tax law is permitted to make its return as to taxable personal property on the basis of either a calendar year or a fiscal year (CL 1948, §§ 211.8, 211.13).

3. STATUTES—CONSTRUCTION—ADMINISTRATIVE INTERPRETATION.
   Administrative interpretation of statutes, while not controlling, should be given due weight.

---

REFERENCES FOR POINTS IN HEADNOTES

[3] 50 Am Jur, Statutes § 325; 51 Am Jur, Taxation § 317.
[4, 5] 51 Am Jur, Taxation §§ 315, 316.
[6] 51 Am Jur, Taxation §§ 309, 315.
[8] 51 Am Jur, Taxation § 156 et seq.
[9] 3 Am Jur, Appeal and Error § 823.
[10] 51 Am Jur, Taxation §§ 1172, 1173.
[10] Right to interest on tax refund or credit. 57 ALR 357; 76 ALR 1012; 112 ALR 1183.
[11] 14 Am Jur, Costs § 91.
   Generally as to situs of tangible personalty for taxation, see 51 Am Jur, Taxation § 451 et seq.; 123 ALR 179, 139 ALR 1463, 153 ALR 270.
   Situs of stock in trade as between different states or countries for purposes of property taxation. 110 ALR 707.

(519)

4. TAXATION—CONSTRUCTION OF STATUTES—AMBIGUITY.

Doubtful language in a taxing statute is not resolved against the taxpayer.

5. SAME—LIBERAL CONSTRUCTION.

Tax laws are to be construed liberally in favor of the taxpayer.

6. SAME—PUBLIC POLICY—CONSTRUCTION OF STATUTES.

A court may not vary the clear and unequivocal meaning of the words used in a statute and determine tax matters solely on the ground of unwisdom or of public policy.

7. SAME—ELECTION OF BASIS OF RETURN—CONSTRUCTION OF STATUTES.

Tax officials may not deprive taxpayers of the right to elect as to whether they will pay personal property taxes on a calendar or fiscal-year basis, where such right of election is accorded by statute (CL 1948, §§ 211.8, 211.13).

8. SAME—UNIFORM RULE FOR ASSESSMENT.

The Constitution requires that a uniform rule be provided for the assessment of taxes upon property except that subjected to the payment of specific taxes (Const 1908, art 10, § 3).

9. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTRUCTION OF STATUTES—TAXATION.

Claimed errors of procedure in trial court in action to recover taxes paid under protest are not inquired into, where it is determined as a matter of law that the taxpayer was not liable to the municipality for the taxes paid at the time they were paid, the taxing officials having been found to have made an erroneous construction and application of the statutes (Const 1908, art 10, § 3; CL 1948, §§ 211.8, 211.13).

10. INTEREST—TAXES PAID UNDER PROTEST.

Interest at 5% from date of payment under protest of personal property taxes is ordered paid upon reversal of judgment for defendant tax-collecting officers.

11. COSTS—PUBLIC QUESTION—CONSTRUCTION OF TAX STATUTES.

No costs are allowed in action to recover taxes paid under protest, a public question being involved in the construction and application of tax statutes on personal property and taxpayer's right to elect to make return on a calendar or fiscal-year basis (Const 1908, art 10, § 3; CL 1948, §§ 211.8, 211.13).

Appeal from Wayne; Brennan (Vincent M.), J. Submitted April 9, 1953. (Docket No. 44, Calendar No. 45,753.) Decided June 8, 1953.

Action by Ready-Power Company, a Michigan corporation, against City of Dearborn and others to recover amount of taxes paid under protest. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Thomas B. Moore* and *Morse D. Campbell,* for plaintiff.

*Dale H. Fillmore* and *Duane Dunick,* for defendants.

BUSHNELL, J. Plaintiff, the Ready-Power Company, is engaged in the business of manufacturing gas-driven electric generating units at Detroit. It sometimes stores or warehouses a part of its personal property in a public warehouse in the city of Dearborn. Defendant William A. Kaiser is the city treasurer of the city of Dearborn. The other defendants are the city of Dearborn and the school district of the city of Dearborn board of education.

During the year 1951 and for some years prior thereto Ready-Power operated and conducted its business upon a fiscal year basis, beginning July 1st and ending June 30th. It kept its books and made its annual corporate reports in conformity with its fiscal year.

In January of 1952 plaintiff filed a general property statement with the board of assessors of the city of Detroit, in which it set forth what inventories of personal property it had on hand during each month of the last preceding fiscal year. Upon demand of the city of Dearborn and its board of assessors, Ready-Power filed a general property statement, setting forth that at no time during its last preceding fiscal year did it have any personal property stored or warehoused within the corporate limits of the city of Dearborn. This statement was

rejected by the Dearborn board of assessors, which demanded that plaintiff file a new statement showing inventories of personal property on hand in Dearborn during the calendar year preceding December 31, 1951. In compliance with this demand, but under protest, Ready-Power reported that during the months of July and August, 1951, after the close of its fiscal year on June 30th, it had no personal property on hand in the city of Dearborn. It also reported that it had in storage during the months of September, October, November and December, 1951, personal property in the values set forth in the demanded report.

The Dearborn board of assessors then notified Ready-Power that its personal property had been placed upon the assessment roll at a value of $179,-840, that being 90% of the average of the monthly inventories so reported. Plaintiff protested this assessment and was unsuccessful in its appeal to the board of review. It then paid a personal property tax, under protest, and brought action in the circuit court for the claimed illegal exaction of the city and school taxes so paid. The trial judge, after considering the several motions for a summary judgment and affidavits in support thereof, filed an opinion directing a judgment of no cause of action in favor of the city.

Plaintiff has appealed and argues that the judgment is in derogation of its rights under section 13 of the general property tax act, CL 1948, § 211.13, as amended by PA 1949, No 285 (Stat Ann 1950 Rev § 7.13). It further submits that the taxes so levied are unconstitutional, illegal and void, under the provisions of sections 3 and 6 of article 10 of the Constitution of 1908, which require uniformity of taxation.

The statute applicable to the instant situation reads:

"Sec. 13. All personal property, except as hereinafter provided, shall be assessed in the township in which the owner resides on the first day of January of the year for which the assessment is made.

"The taxable status of persons and personal property shall be determined as of the first day of January, which shall be deemed the tax day. In the year 1950 and thereafter the first day of January shall be the tax day in all assessing districts including cities and villages, any provisions in the charter of any city or village to the contrary notwithstanding: Provided, That inventories of goods, wares, materials, merchandise and supplies such as are commonly used in trade or commerce or manufacture shall, upon the filing by the owner thereof of a sworn statement with the assessing officer showing the total of such inventories for each of the 12 months preceding said first day of January, or each of the months of the last preceding fiscal year of such owner, be assessed on the basis of the average monthly inventory for such 12-month period or fiscal year: Provided further, That no assessing officer shall be restricted to any particular period in the preparation of the assessment roll but may survey, examine or review properties at any time prior to or after said tax day."

The problem is one of reconciling the first paragraph of the section and the first of the 2 provisoes in the closing paragraph of the section. The school district of the city has not filed a brief, and we do not find in the brief of defendant city and its treasurer any claim of lack of good faith on the part of the taxpayer. The argument in support of the judgment in favor of the city is that, since taxable personal property was present within the limits of the city of Dearborn on January 1, 1952, and had been present in varying amounts for the preceding 4 months, plaintiff was subject to a tax on that personal property.

Taxable personal property is defined in CL 1948, § 211.8 (Stat Ann 1950 Rev § 7.8).

The city argues that the option on the part of the taxpayer to have property assessed in either the calendar or fiscal year is only available if the taxpayer's sworn statement shows an inventory for each month. No authority is cited in support of this argument, except the one of reason, *viz.,* that if the tax is not paid in Dearborn, the same property is not taxable elsewhere, and that to adopt plaintiff's contention would result in "no assessment or taxation at all." If that be the ultimate result, it is a matter for the legislature and not for the courts. We are here concerned with the construction and applicability of section 13 of the general property tax act, in which the legislature permitted the taxpayer to file a return on either a calendar year or a fiscal year basis. Ready-Power was entitled, therefore, to make its return on the basis of its operations, *viz.,* its "last preceding fiscal year."

The instruction of the State tax commission to assessing officers, under date of January 2, 1952, in Bulletin No 83, states in part:

"1. A taxpayer having an inventory in more than one assessment district in the State of Michigan must file on the same basis in all assessment districts. The election of the basis for the computation of its inventory remains entirely within the discretion of the taxpayer. * * *

"7. In the event that a taxpayer having taxable inventories in more than one assessment district in the State fails to file on the same basis in all districts, an assessing officer may, within the statutory time limitation, file an appeal with the State tax commission. It shall then be within discretion of the commission to examine the complaint and take such action as is provided by statute."

Plaintiff, by the action of the city of Dearborn, is prevented from complying with paragraph 1 of the tax commission's instructions; and in the event it accedes to the city's position, it will run afoul of section 7 of the instructions. But, says the city, if its position is not maintained the taxpayer may escape liability under the provisions of section 4 of the instructions, which reads:

"4. A taxpayer doing business in 2 or more assessment districts during a year who has removed his property from one of the districts during the year has no taxable situs on the next following assessment date which is January 1st. Corollary to this, the inventories which have situs in the abandoned district should not be considered in the district where the taxpayer has situs on the following assessment date."

Administrative interpretation of statutes, while not controlling, should be given due weight. See *City of Hazel Park* v. *Municipal Finance Commission,* 317 Mich 582, 605; and *Howard Pore, Inc.,* v. *State Commissioner of Revenue,* 322 Mich 49, 66 (4 ALR2d 1041).

It is fundamental law that doubtful language, if present in a taxing statute, is not resolved against the taxpayer and that tax laws are to be construed liberally in favor of the taxpayer. *F. M. Sibley Lumber Co.* v. *Department of Revenue,* 311 Mich 654, 660; *City of Detroit* v. *Phillip,* 313 Mich 211, 216; and *Consumers Power Co.* v. *Corporation & Securities Commission,* 326 Mich 643, 648.

We may not vary the clear and unequivocal meaning of the words used in a statute and determine tax matters solely on the grounds of unwisdom or of public policy. *Handy* v. *Township of Meridian,* 114 Mich 454, 457; and *Noey* v. *City of Saginaw,* 271 Mich 595, 598. See, also, in this connection *Standard*

*Oil Company* v. *State of Michigan,* 283 Mich 85, 88; and *In re Dodge Brothers,* 241 Mich 665, 669.

The plain meaning of the statute allows the taxpayer to elect the basis on which his tax returns shall be made, either calendar or fiscal year. Tax officials may not deprive taxpayers of this right of election. If the city's argument is to be approved, we must, in the same breath, approve a violation of the constitutional guaranty of uniformity, in that we must admit that it is proper for Detroit to tax plaintiff on a fiscal year basis and permit the city of Dearborn to tax upon a different basis. The State tax commission itself, as hereinbefore quoted, has recognized the necessity of uniform treatment of taxpayers in its instructions to assessing officers.

It is unnecessary to inquire into the claimed errors of procedure in the trial court, since decision turns upon the construction and applicability of the statute.

The judgment of the trial court is vacated and the cause is remanded for entry of judgment for plaintiff upon the pleadings, together with interest at 5% from and after the 19th day of August, 1952.* A public question being involved, no costs will be allowed.

Dethmers, C. J., and Adams, Butzel, Carr, Sharpe, Boyles, and Reid, JJ., concurred.

---

* Date of payment of tax under protest.—Reporter.