CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Plaintiff,

v.

Richard J. LYONS, Director of Revenue of the State of Illinois, et al., Defendants.

No. 2299.

United States District Court S. D. Illinois, S. D.

Feb. 26, 1957.

Nelson Trottman and Robert W. Russell, Chicago, Ill., Hugh J. Dobbs, Springfield, Ill., for plaintiff.

Latham Castle, Atty. Gen. of Illinois, by John E. Babb and John Roach, Chicago, Ill., for defendant.

MERCER, District Judge.

The Chicago and North Western Railway Company instituted this suit against Richard J. Lyons, Director of Revenue of the State of Illinois, and the Administrative Personnel of said department, together with six County Collectors of Illinois, to enjoin the certification of a part of the 1956 assessment of plaintiff's Illinois railroad operating property by the Department of Revenue of Illinois which plaintiff alleges to be grossly excessive, unreasonable, discriminatory, and which, if allowed to stand, will result in a deprivation of the property of the plaintiff without due process of law and a denial to the equal protection of the law as guaranteed to the plaintiff under the Fourteenth Amendment to the Constitution of the United States.

This is a suit in equity of a civil nature, and seeks a review and to have set aside, a final assessment for the year 1956 in the amount of $80,970,000 against the operating property of plaintiff in the State of Illinois. A tentative assessment in the amount of $81,000,000 was published by the Director of the Revenue Department. Plaintiff filed a protest with said department and a final assessment determined in the amount of $80,970,000. Plaintiff contends that any assessment above the amount of $50,000,000 is grossly excessive, discriminatory and arbitrary.

Defendants have filed a motion to dismiss the complaint for the reason that the Federal Court has no jurisdiction to enter an injunctive order for the reason that plaintiff has an adequate remedy at law and in equity in the State Courts and that plaintiff has not exhausted its remedies. The plaintiff contends that the provisions of Illinois law for Court review of railroad assessments made by the Department of Revenue affords neither a plain, speedy or efficient remedy. The order upon the motion to dismiss, therefore, must be based upon an answer as to which contention is correct.

Title 28, Section 1341, of the United States Code, provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law *where a plain, speedy and efficient remedy may be had in the courts of such State.*"

A Federal Court has no jurisdiction to enter a motion for temporary or preliminary injunction in this cause under the well-settled rules of federal law if there is an adequate remedy at law and in equity in the State courts and before a federal court may intervene the taxpayer's state remedies must first be exhausted. Toomer v. Witsell, 334 U.S. 385, 68 S.Ct. 1156, 92 L.Ed. 1460.

A Federal Court will not interfere with jurisdiction of state courts to hear suit by railroad to enjoin collection of property tax on ground of excessive valuation, notwithstanding railroad charged a violation of rights guaranteed by Federal Constitution, where there was no basis for the conclusion that the state courts would fail in the discharge of their obligation to protect unimpaired every right of the railroad which was guaranteed by the Federal Constitution. Baker v. Atchison, T. & S. F. Ry. Co., 10 Cir., 106 F.2d 525.

The principal question therefore in this case is whether the plaintiff has a plain, speedy and efficient remedy in the state courts of Illinois. Paragraph 619 of Ch. 120 of the Revenue Act of Illinois, S.H.A. provides as follows: "The Circuit or Superior Court of the county in which the property assessed, or some part of such property, is situated shall have the power to review all final administrative decisions of the Department in administering the provisions of this Act [meaning the provisions of the Revenue Act of 1939]. * * * Appeals from all final orders and judgments entered by the Circuit or Superior Court upon review of the Department's determination in

any case may be taken directly to the Supreme Court by either party to the proceeding, and shall be governed by the rules applicable to civil cases appealed to said Supreme Court."

An Illinois Supreme Court decision has held that this section affords due process of law. People ex rel. Brenza v. Chicago & N. W. Ry. Co., 411 Ill. 85, 103 N.E.2d 85, 90. In the Brenza case, taxes for the year 1940 were involved. The applicable statute at that time provided that the remedy of the taxpayer shall not be construed to be exclusive, which was more liberal than the present statute which contains no such provision. However, the Supreme Court said that when the Tax Commission had made its finding that the property involved was nonoperating railroad property "the proper way to question the correctness of its decision was in the manner provided by the statute or rule unless special circumstances would appear, not disclosed by its record, which would enable the court to review its decision." The court further stated that, "in any event, if no method of review is provided by statute or rule, the action of the Tax Commission may be tested or reviewed by the writ of certiorari." The Brenza case further holds that if the Tax Commission's action was arbitrary, discriminatory or fraudulent, relief could be sought in an independent proceeding before a court. There is no justification in the speculation that the present Supreme Court of Illinois would adopt a different rule now that the provision that the direct appeal remedy should not be construed to be exclusive is no longer in the statute. An indication of the position of the court in this regard is found in the case of Chicago & North Western Railway Co. v. Department of Revenue, 6 Ill.2d 278, 128 N.E.2d 722, where the court states: "Whether an over-valuation in assessing the real and personal property of a railroad is so excessive as to be fraudulent is largely dependent upon the circumstances of each particular case, but to set aside an assessment it is not necessary to show fraud in its generally accepted meaning, and a complaint alleging in substance that the taxing authorities have assessed the property at a valuation grossly in excess of its market value, and that the assessment was deliberately and wilfully made, is sufficient to state a case of constructive fraud." This was in answer to the contention of the Department of Revenue that the Circuit Court was without power to change the challenged assessment except upon a showing of fraud or wilful disregard, as distinguished from an erroneous application, of the statutory command of fair valuation, and that in any event the department's valuation was sound and neither fraudulently excessive, nor in wilful disregard of the statute.

The Court further stated: "To set aside an assessment, it is not necessary to show fraud in its generally accepted meaning; if the taxing authorities have assessed the property at a valuation grossly in excess of its market value, and the assessment was deliberately and wilfully made, such conduct constitutes a constructive fraud, and the courts will protect the taxpayer against the wrong sought to be perpetrated against him." (Citing Illinois cases.)

It is well settled that the equity courts of the State of Illinois will take jurisdiction and these courts have a long-established practice of granting relief to enjoin the collection of illegal taxes and such jurisdiction exercised by the courts of equity are upon the independent ground of granting such equitable relief, and, they have granted equitable relief in the state courts, even though there exists a concurrent remedy at law, and even where remedies are provided by statute. Owens-Illinois Glass Co. v. McKibbin, 385 Ill. 245, 52 N.E.2d 177.

It was affirmatively held in Peoples Gas Light & Coke Co. v. Slattery, 373 Ill. 31, 25 N.E.2d 482, that State Courts have the power to issue injunction to prevent irreparable injury and they cannot be deprived of this power even though there is a remedy by appeal at law in the said State Courts. The Slattery case was an

injunction suit involving a rate determination of the Illinois Commerce Commission. The statute governing appeals in commerce commission cases provided that when no appeal was taken the parties affected by an order were deemed to have waived the right to a review on the merits. The Court held that this provision must be construed to apply only to the procedure of reviewing the acts of the commission by the statutory appeal provided, as otherwise it infringes upon the constitutional powers of courts of equity under Article 6 of the Illinois State Constitution, S.H.A. The Court further held that the power of issuing injunctions to prevent irreparable injury had long been a right of equity courts, of which they could not be deprived under the Constitution. This Court considers the Slattery case as establishing equity powers in the State Courts. This Court cannot indulge in the speculation that the precedent of this case will be overruled by the Illinois Supreme Court.

On the question of adequate remedy at law the Court is impressed with the decision in the case of Chicago & North Western Railway Co. v. Department of Revenue, rendered by the able Justice Schaefer. Virtually the same issues in regard to a 1953 assessment were raised by and between the same parties to this proceeding. The Supreme Court of Illinois in an exhaustive opinion held the issues in favor of the Department of Revenue. Plaintiff proceeded by means of certiorari to the Supreme Court of the United States and on May 26, 1956, the Supreme Court of the United States denied petition of the plaintiff. 351 U.S. 950, 76 S.Ct. 844, 100 L.Ed. 1474. The Illinois decision, in addition to its clarity and full review justifying the action of the Revenue Department, emphasizes the fact that Illinois has a plain, speedy and efficient remedy in its courts. It is significant that the case referred to was appealed to a Circuit Court of Du Page County, Illinois, and this Court held in favor of the plaintiff Railroad Company which further emphasizes the fact that there is a plain, speedy and efficient remedy in the Courts of Illinois. The fact that the decision of the Du Page County Circuit Court was overruled does not mitigate the fact that the Railroad Company had and has a remedy in the Illinois Courts.

A review of the above-cited cases discloses that the Department of Revenue, whose directors and personnel are defendants in this case, invoked proper factors in the determination of its railroad property valuation. The decision also suggests that the question of valuation may well rest on reasonable, though undisclosed grounds. It is the opinion of this Court that there is a plain, speedy and efficient remedy in the Courts of Illinois.

■ The Administrative Review Act, S.H.A. ch. 110, § 265, provides, among other provisions, that: "in all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date hereof." Does this provision deprive the State Courts of all jurisdiction to review railroad tax assessments made by the Department of Revenue, except in accordance with the direct appeal afforded under the Administrative Review Act? This Court thinks not in view of the Brenza, McKibbin, Slattery and Chicago & North Western v. Department of Revenue cases. It is also the opinion of this Court that in spite of the unambiguous language of the Administrative Review Act above quoted, the Act is not applicable to the type of case under consideration for the reason that the Legislature does not have the power, under the Illinois Constitution, to deprive courts of equity jurisdiction in such a case as this.

It is further contended that any remedy in the State Courts is inadequate and inefficient for the reason that it might be necessary to institute proceedings in each county in which the property is located, which in this case is twenty-four counties. This obviously would result in a multiplicity of suits. It is also true that since the plaintiff has such an extensive operation in so many counties of Illinois it must accept the disadvantages

as well as advantages of such a far-flung operation. This is not a penalty of bigness, but an adjunct. Plaintiff is in the precise position of any citizen of Illinois who might own property in several counties.

■■ This Court is of the opinion that Federal Courts should exercise a reluctance to interfere by injunction with the fiscal affairs of a state. Jurisdiction in favor of state courts should be relinquished if the Federal Constitutional rights of the plaintiff can be preserved without impairment. The rights guaranteed by the due process and equal protection clauses of the Fourteenth Amendment must be protected. State courts. bear equal responsibility to guard and protect rights secured by the Constitution of the United States.

This Court finds no basis for the contention that the State Courts of Illinois have failed in the discharge of their obligation to protect every right of the plaintiff which is guaranteed by the due process and equal protection clauses.

■ It is the further opinion of the Court that plaintiff has a plain, speedy and efficient remedy in the Courts of Illinois. Therefore, the motion of defendants to dismiss the complaint as amended is hereby allowed and said complaint is hereby dismissed without prejudice to any proceedings which may be instituted in State Courts.