**CARBONNEAU INDUSTRIES, INC.,**
Plaintiff,

v.

**CITY OF GRAND RAPIDS,** Defendant.

Civ. A. No. 3876.

United States District Court
W. D. Michigan, S. D.

Oct. 24, 1961.

Clem H. Block, Grand Rapids, Mich., for plaintiff.

James K. Miller, City Atty., and Wm. J. Garlington, Deputy City Atty., Grand Rapids, Mich., for defendant.

STARR, Senior District Judge.

The plaintiff corporation filed a complaint in this court alleging that the defendant city illegally assessed and levied taxes on plaintiff's personal property for the years 1955 through 1958; that such assessments and levies were in violation of § 1 of the 14th Amendment of the Constitution of the United States and Art. 10, §§ 3 and 7 of the Constitution of the State of Michigan; and that such assessments and levies constituted a fraud on the plaintiff. In its complaint the plaintiff asks this court to enjoin the collection of the allegedly illegal and excessive taxes on its personal property; that the city be ordered to revalue and reassess its personal property in accordance with the provisions of the State Constitution; and that the court award

plaintiff damages "in the amount not to exceed $10,000."

The defendant city filed answer denying that the taxes on plaintiff's personal property were illegally assessed and levied, and affirmatively alleging that plaintiff is guilty of laches and has waived all right to deny, and is estopped from denying, the legality of the valuations placed on its personal property and the legality of the taxes levied thereon. The defendant has also filed a motion to dismiss the action on the ground that this Federal court has no jurisdiction over the subject matter of the action.

Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C., provides in part as follows:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) Lack of jurisdiction over the subject matter."

Rule 12(h) as amended provides in part:

"A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except * * (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

The defendant contends that 28 U.S.C. § 1341, which provides that "the district courts shall not enjoin, suspend or restrain the assessment, · levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State," deprives this court of jurisdiction over the subject matter of this action.

On the other hand, the plaintiff contends that this court has jurisdiction over the subject matter of this action under the holding in Bank of Arizona v. Howe, D. C., 293 F. 600, 606, in which case the court quoted with approval the following statement in Johnson v. Wells Fargo & Company, 239 U.S. 234, 243, 244, 36 S.Ct. 62, 60 L.Ed. 243:

"The contention is made that there was no ground for equity jurisdiction, and that therefore the bill should be dismissed. This court has frequently held that a bill will not lie in the federal courts to enjoin the collection of state taxes where a plain, adequate and complete remedy at law has been given to recover back illegal taxes and the attack upon the assessment is based upon the sole ground that the same is illegal and void. * * * But in the present case it was alleged, not only that the assessment was unwarranted by the law, but that the manner of making the assessment amounted to fraud upon the constitutional rights. of the express companies, or such gross mistake as would amount to fraud, thus averring a distinct and well recognized ground of equity jurisdiction."

In considering plaintiff's contention that under the above decisions this court has jurisdiction over the subject matter of this action, the court must consider the legislation preceding the enactment of § 1341 hereinbefore quoted. Section 24 of the former Judicial Code adopted in 1911, 36 Stat. 1091, which became § 41 (1) of Title 28 U.S.C., provided as follows:

"The district courts shall have original jurisdiction as follows:

"First. Of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue, or between citizens of the same State claiming lands under grants from different States; or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and (a) arises under the Constitution or laws of the United

States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of *different States, or (c) is between* citizens of a State and foreign States, citizens, or subjects. No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made: *Provided, however,* That the foregoing provision as to the sum or value of the matter in controversy shall not be construed to apply to any of the cases mentioned in the succeeding paragraphs of this section."

In 1934 § 24 of the former Judicial Code was amended, 48 Stat. 775, by adding the following provision:

"Notwithstanding the foregoing provisions of this paragraph, *no* district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the enforcement, operation, or execution of any order of an administrative board or commission of a State, or any rate-making body of any political subdivision thereof, or to enjoin, suspend, or restrain any action in compliance with any such order, where jurisdiction is based solely upon the ground of diversity of citizenship, or the repugnance of such order to the Constitution of the United States, where such order (1) *affects rates chargeable by a public* utility, (2) does not interfere with interstate commerce, and (3) has been made after reasonable notice and hearing, and where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

In 1937 § 24 of the Code was further amended, 50 Stat. 738, by adding the following provision to the section as amended in 1934:

"Notwithstanding the foregoing *provisions of this paragraph,* no district court shall have jurisdiction of· any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

In 1948 the former Judicial Code as amended, including § 24, was repealed, 62 Stat. 992, § 39, and the present Judicial Code was adopted, 62 Stat. 869 et seq. Section 1341 of the new Code, 62 Stat. 932, being Title 28 U.S.C. § 1341, provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

The decisions in Bank of Arizona v. Howe (1923), supra, and Johnson v. Wells Fargo & Company (1915), supra, upon which the plaintiff relies in support of its contention that this court has jurisdiction of the present action, were long prior to the enactment of § 1341, supra, and furthermore, those decisions held only that where the plaintiff had a "plain, adequate and complete remedy at law" [293 F. 606] in State courts, Federal courts would not exercise equitable jurisdiction. It should be noted that the 1937 amendment of § 24 of the former Code hereinbefore quoted, deprived district courts of jurisdiction to enjoin, suspend or restrain the assessment, levy or collection of any tax imposed pursuant to State law where a "plain, speedy and efficient remedy" could be had "at law or in equity in the courts of such State." However, the 1948 revision of § 24, being § 1341 of the present Code, omitted the words "at law or in equity," and the reviser's note to § 1341 states that in the recodification of the 1937 amendment these words "were omitted as unnecessary." Therefore, § 1341 must be con-

strued to preclude jurisdiction of district courts where there is a "plain, speedy and efficient remedy" either legal or equitable in the State courts.

■ The law appears to be well established that under both the 1937 amendment of § 24 of the former Judicial Code and § 1341 of the present Code, a Federal court does not have jurisdiction to enjoin the assessment, levy or collection of taxes imposed under State laws, where the plaintiff in the action has a "plain, speedy and efficient remedy" either at law or in equity in the courts of the State in which the taxed property is located. See Kohn v. Central Distributing Co., 306 U.S. 531, 534, 59 S.Ct. 689, 83 L.Ed. 965; Norton v. Cass County, 5 Cir., 115 F.2d 884, 885, 886; Phipps v. School Dist. of Pittsburgh, 3 Cir., 111 F.2d 393, 397; Baker v. Atchison, T. & S. F. Ry. Co., 10 Cir., 106 F.2d 525, 527, certiorari denied 308 U.S. 620, 60 S.Ct. 296, 84 L.Ed. 518; Delaware, Lackawanna and Western Railroad Company v. Kingsley, D.C., 189 F. Supp. 39, 53; Chicago and North Western Railway Company v. Lyons, D.C., 148 F.Supp. 787, 789.

■ From the foregoing it is clear that this court does not have jurisdiction over the subject matter of plaintiff's present action if the courts of Michigan provide it with a "plain, speedy and efficient remedy" at law or in equity. Therefore, the court must examine the law of Michigan and determine whether plaintiff has a "plain, speedy and efficient remedy" either at law or in equity in the courts of Michigan as to the allegedly illegal assessment and levy of taxes on its personal property.

Comp.Laws Mich.1948, § 211.53, provides in part:

"Any person may pay the taxes or special assessments, or any 1 of the several taxes or special assessments, on any parcel or description of land, or on any undivided share thereof, and the treasurer shall note across the face of the receipt in ink any portion of the taxes or special assessments remaining unpaid. He may pay any tax or special assessment, whether levied on personal or real property, under protest, to the treasurer, specifying at the time, in writing, signed by him, the grounds of such protest, and such treasurer shall minute the fact of such protest on the tax roll and in the receipt given. The person paying under such protest may, within 30 days and not afterwards, sue the township for the amount paid, and recover, if the tax or special assessment is shown to be illegal for the reason shown in such protest." Comp.Laws Mich. 1948, § 211.107, provides that "the word township may include city, ward or village."

In Haggerty v. City of Dearborn, 332 Mich. 304, 316, 319, 51 N.W.2d 290, 295, the State Supreme Court said:

"Under the above act (§ 211.53) a taxpayer may pay any tax or special assessment under protest and within 30 days and not afterwards sue for the amount paid, and recover, if the tax or special assessment is shown to be illegal for the reasons shown in such protest. In our opinion the act provides that a protest at the time of payment of the special assessment is necessary to recover back the payment. * *

"We hold that under C.L.1948, § 211.53, a party dissatisfied with his assessment for taxes, either for real or personal property or special assessment on real property *must* pay under protest, specifying in writing the grounds of such protest. The statute also provides that after paying under protest the party must begin his action within 30 days after such payment."

In Helin v. Grosse Pointe Township, 329 Mich. 396, 45 N.W.2d 338, the plaintiffs claimed that the assessed valuation of their property was so excessive and constructively fraudulent as to make the assessment illegal. After exhausting their administrative remedies, the plain-

tiffs paid the tax levied under protest and brought an action to recover the claimed excess tax. On appeal the Supreme Court held that the plaintiffs were entitled to recover the entire tax paid under protest, without prejudice to a proper reassessment of the property. See also Naph-Sol Refining Company v. Township of Muskegon, 346 Mich. 16, 18, 77 N.W.2d 255; Ready-Power Company v. City of Dearborn, 336 Mich. 519, 522, 58 N.W.2d 904; National Bank of Detroit v. City of Detroit, 272 Mich. 610, 614, 262 N.W. 422.

It should be noted that Comp.Laws Mich. 1948, § 211.114, provides that "no injunction shall issue to stay proceedings for the assessment or collection of taxes under this act." However, the Supreme Court of Michigan has held that this provision is not an absolute prohibition and that injunctive relief may be granted in the case of irreparable injury, undue hardship or intentional overassessment. See United States Cold Storage Corporation v. Detroit Board of Assessors, 349 Mich. 81, 89, 84 N.W.2d 487; Haggerty v. City of Dearborn, 332 Mich. 304, 316, 51 N.W.2d 290; Sunday Lake Iron Company v. City of Wakefield, 323 Mich. 497, 506, 35 N.W.2d 470; Twenty-Two Charlotte, Inc., v. City of Detroit, 294 Mich. 275, 282, 293 N.W. 647; Manufacturers National Bank of Detroit v. City of Detroit, 285 Mich. 273, 278, 280 N.W. 760; Sloman-Polk Co. v. City of Detroit, 261 Mich. 689, 691, 692, 247 N.W. 95, 87 A.L. R. 1294.

In summary, it is clear that under Comp.Laws Mich.1948, § 211.53, hereinbefore quoted, and authorities cited the plaintiff can obtain a determination of the legality of the assessment and taxes levied on its personal property by paying the taxes under protest and bringing an action at law in a State court within 30 days thereafter to recover the amount paid. Furthermore, it is clear that if plaintiff can show facts establishing that the assessment on its personal property was an intentional overassessment or that the assessment and levy of taxes caused irreparable injury or undue hardship, it may obtain relief in an equitable action in a State court. Therefore, the court concludes that plaintiff has a "plain, speedy and efficient remedy" in the State courts of Michigan and that under 28 U.S.C. § 1341 this district court does not have jurisdiction over the subject matter of plaintiff's action. See Carson v. City of Fort Lauderdale, 5 Cir., 1961, 293 F. 2d 337, 339; City of Orange, Texas, v. Levingston Shipbuilding Company, 5 Cir., 258 F.2d 240, 241; Norton v. Cass County, 5 Cir., 115 F.2d 884, 885, 886; Phipps v. School Dist. of Pittsburgh, 3 Cir., 111 F.2d 393, 400; Baker v. Atchison, T. & S. F. Ry. Co., 10 Cir., 106 F.2d 525, 530; Delaware, Lackawanna and Western Railroad Company v. Kingsley, D.C., 189 F.Supp. 39, 53; Kortz v. Ellingson, D.C., 181 F.Supp. 857, 859, 860; Chicago and North Western Railway Company v. Lyons, D.C., 148 F.Supp. 787, 792; Mid-Continent Airlines, Inc., v. Nebraska State Board of Equalization and Assessment, D.C., 105 F.Supp. 188, 199; Kansas City Southern Ry. Co. v. Morley, D.C., 88 F.Supp. 300, 303, 304; Independent Warehouses v. Saddle River TP, Bergen County, N. J., D.C., 52 F.Supp. 96, 97; Brown Motor Freight Lines v. O'Hara, D.C., 32 F.Supp. 173, 176; Collier Advertising Service v. City of New York, D.C., 32 F.Supp. 870, 872; Guerra v. City of Philadelphia, D.C., 30 F.Supp. 791; Sears, Roebuck & Co. v. Roddewig, D.C., 24 F.Supp. 321, 324, 325; Nevada-California Electric Corporation v. Corbett, D.C., 22 F.Supp. 951, 956.

Furthermore, in its complaint the plaintiff seeks damages "in an amount not to exceed $10,000." Title 28 U.S.C. § 1331(a) provides that "the district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States." Therefore, plaintiff has not alleged the amount required to give this court jurisdiction of its action for damages.

For the reasons herein stated the court concludes that this district court does not

have jurisdiction over the subject matter of plaintiff's action and that defendant's motion to dismiss should be granted. An order will accordingly be entered granting defendant's motion to dismiss.