**Joseph Peter SHERAGA, Plaintiff,**

v.

**STATE OF CALIFORNIA, Defendant.**

**No. 67–1833–AAH.**

United States District Court
C. D. California.

March 27, 1968.

Joseph Peter Sheraga, in pro. per.

Thomas C. Lynch, Atty. Gen., State of California, and David Gould, Deputy Atty. Gen., State of California, for defendant.

DECISION,
FINDINGS OF FACT,
CONCLUSIONS OF LAW,
and
ORDER FOR
DISMISSAL OF COMPLAINT

HAUK, District Judge.

Defendant has filed a motion to dismiss in this case in which plaintiff, an individual, seeks the recovery of $160 deposited with the defendant in accord

with an order requiring security pursuant to the California Financial Responsibility Law, California Vehicle Code Section 16000 et seq.

The uncontested facts, as alleged in plaintiff's rambling and almost unintelligible, but verified, complaint as well as numerous affidavits just as rambling and unintelligible for the most part, are all admitted by defendant for the purposes of this motion and are relatively simple.

Plaintiff was involved in a motor vehicle accident on or about December 9, 1963, in Paramount, California. Since plaintiff did not have liability insurance at the time of the accident, he was ordered to post security in the amount of $160 or have his driver's license and automobile registration suspended pursuant to California Vehicle Code, Sections 16000 [1] and 16100.[2] On September 24, 1964, plaintiff deposited $160 with the Department of Motor Vehicles.

Plaintiff was sued by the other party involved in the accident, Keith B. Jones, in a suit filed in the Municipal Court of the Los Cerritos Judicial District, County of Los Angeles, State of California, bearing the number 11367 in the records of said court. A judgment in the amount of $167, plus $18.75 in costs, was recovered against plaintiff herein.

Upon presentation of the judgment and cost bill, the State, defendant herein, on January 12, 1965 caused the $160 security deposit to be released to the judgment creditors in the Municipal Court action, pursuant to California Vehicle Code, Section 16026(a).[3]

On April 8, 1967, plaintiff wrote to the Governor of California, the Honorable Ronald Reagan, demanding the return of the $160 deposited as security. Plaintiff's letter was answered on May 22, 1967, by James W. Chapman, Jr., Deputy Director of the Department of Motor Vehicles, indicating the disposition of the security. On December 20, 1967, the within action was filed.

Now having heard the arguments and having examined all the files, documents and records herein, and the cause having been submitted for decision, and the Court being fully advised in the premises, the Court renders its decision.

---

1. Cal.Veh.Code, § 16000:
   "§ 16000. *Report required.* The driver of every motor vehicle which is in any manner involved in an accident originating from the operation of a motor vehicle on any street or highway which accident has resulted in damage to the property of any one person in excess of one hundred dollars ($100) or in bodily injury or in the death of any person *shall within* 15 days after the accident, report the accident on a form approved by the department to the office of the department at Sacramento, subject to the provisions in this article."

2. Cal.Veh.Code, § 16100:
   "§ 16100. *Suspensions.* Whenever both the owner and operator of a motor vehicle involved in an accident which is required to be reported to the department have failed within fifty (50) days after such accident to establish exemption from security requirements *and have failed to* deposit security within ten (10) days after notice by the department specifying the amount of security, the department, in addition to suspending the driving privilege of the driver, shall also suspend and require delivery to the department of the California registration card and license plates assigned to the motor vehicle, except that the suspension of registration shall not apply upon filing of evidence with the department that the vehicle was not, at the time of the accident, being operated with the permission, express or implied, of the owner. The suspension shall become effective not later than the seventy-sixth day after receipt by the department of the required accident report."

3. Cal.Veh.Code, § 16026(a):
   "§ 16026. *Disposition of security.* The security shall be available for the following purposes:
   (a) Payment of a final judgment in any amount for bodily injury or in excess of one hundred dollars ($100) for property damage, rendered against the driver or drivers on whose behalf the deposit was made, for damages arising out of the accident in an action at law, begun not later than one year after the date of the accident, or within one year after the date of deposit of any security under subdivision (c) of Section 16053."

## DECISION

### THE UNITED STATES DISTRICT COURT LACKS JURISDICTION

A reading of the complaint indicates that plaintiff asserts a violation of his rights arising under the Constitution of the United States, namely that the posting of the $160 security pursuant to the Financial Responsibility Law amounts to a seizure of his property in violation of the First, Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments. In such a case, the United States District Court has jurisdiction only if the matter in controversy exceeds the value of $10,000. 28 U.S.C. § 1331.[4]

■ Plaintiff has a claim for damages which is far below $10,000. Further, although he also seeks an injunction, he makes no allegation of the value of the right he seeks to protect. The value of the right is the test of jurisdiction. See Pyramid Life Ins. Co. v. Masonic Hosp. Ass'n, etc., 191 F.Supp. 51, 53 (W.D.Okla.1961).

■ Since there is no indication that the value of the right to be protected, or the wrong to be prevented, is worth over $10,000, but rather that it is of the precise value of $160, this Court lacks jurisdiction in the action.

### THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

The complaint does not allege any basis upon which relief may be granted against defendant State of California.

Although the complaint is unclear as to the exact nature of the claim, it appears that plaintiff seeks to enjoin the State from the enforcement of its Financial Responsibility Law, California Vehicle Code, Section 16000 et seq. Plaintiff's generalized contention that the Financial Responsibility Law is unconstitutional would not seem to be well taken in light of Kesler v. Dept. of Public Safety, etc., 369 U.S. 153, 172, 82 S.Ct. 807, 7 L.Ed.2d 641 (1962), where the constitutionality of a similar statute, allegedly in conflict with a bankruptcy law, was upheld, and Escobedo v. State of California, Department of Motor Vehicles, 35 Cal.2d 870, 876, 222 P.2d 1 (1950), where the Financial Responsibility Law was held to be a legitimate exercise of the State's right, under the police power, to regulate highway transportation.

■■ It is difficult to ascertain from the complaint whether plaintiff's driver's license has been suspended pursuant to the Financial Responsibility Law. If this is the gravamen of his complaint, plaintiff must resort to the State courts where he has a speedy and efficient remedy. See California Vehicle Code, Section 14400.[5] If the gravamen of his complaint is that he wishes the return of security posted pursuant to an order of the Department of Motor Vehicles, the plaintiff must first file a claim with the State Board of Control, and then, upon rejection of the claim, he may resort to the State courts where he has a

---

4. 28 United States Code, Section 1331:
   "§ 1331. *Federal question; amount in controversy; costs*
   (a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

   (b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any set-off or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interests and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff."

5. Cal.Veh.Code, § 14400:
   "14400. *Court review.* Nothing in this code shall be deemed to prevent a review or other action as may be permitted by the Constitution and laws of this State by a court of competent jurisdiction of any order of the department refusing, canceling, suspending, or revoking the privilege of a person to operate a motor vehicle."

speedy and efficient remedy in this situation as well. See California Government Code, Sections 905.2(d) [6] and 945.-4.[7]

There being no allegation that plaintiff has exhausted the administrative remedies available to him, he would be required to follow those procedures before seeking the intervention of the Federal courts. Carbonneau Industries, Inc. v. City of Grand Rapids, 198 F.Supp. 629, 632 (W.D.Mich.1961).

Now the Court, having made the foregoing decision, makes its Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

### 1.

Plaintiff herein was involved in an automobile accident on a public highway on December 12, 1963.

### 2.

Plaintiff did not have liability insurance at the time of the accident.

### 3.

Defendant herein, by and through the Department of Motor Vehicles, ordered plaintiff to post security in the amount of $160 pursuant to the provisions of California Vehicle Code, Section 16020.

### 4.

On September 24, 1964, plaintiff herein posted security with the defendant in the amount of $160.

### 5.

Plaintiff herein was sued by the other party involved in the accident, Keith B. Jones, in a suit filed in the Municipal Court of the Los Cerritos Judicial District, County of Los Angeles, State of California, bearing the number 11367 in the records of said court. A judgment in the amount of $167, plus $18.75 in costs, was recovered against plaintiff herein.

### 6.

Upon presentation of the judgment and costs bill by Keith B. Jones, defendant herein on January 12, 1965, caused the $160 security deposit to be released to the said Keith B. Jones pursuant to California Vehicle Code, Section 16026(a).

### 7.

On April 8, 1967, plaintiff herein wrote to the Governor of California, the Honorable Ronald Reagan, and demanded the return of his $160, which had been deposited as security.

### 8.

Plaintiff did not file a claim against defendant herein with the State Board of Control, the agency authorized by the State of California to consider such claims.

### 9.

On December 20, 1967, the within action was filed in the United States District Court, Central District of California.

---

6. Cal.Gov.Code, § 905.2(d):
   "§ 905.2 *Claims for money or damages against state; law governing presentation in certain cases.* There shall be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of this part all claims for money or damages against the State: * * *
   (d) For which settlement is not otherwise provided for by statute or constitutional provision."

7. Cal.Gov.Code, § 945.4:
   "§ 945.4. *Necessity of written claim acted upon by board or deemed to have been rejected.* Except as provided in

Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division."

**10.**

In the complaint filed herein, plaintiff demanded damages in the amount of $160.

**11.**

The allegations in the complaint, to the extent that they are inconsistent with the Findings of Fact herein, are untrue.

**12.**

The following Conclusions of Law, insofar as they may be concluded Findings of Fact, are so found to be true from the Findings of Fact.

From the foregoing Findings of Fact, the Court concludes:

## CONCLUSIONS OF LAW

### I

The complaint asserts a right arising under the Constitution and laws of the United States. In such a case, the United States District Court has jurisdiction only if the matter in controversy exceeds the value of $10,000.

### II

Plaintiff's claim for damages is $160, an amount far below the required $10,-000 minimum.

### III

Plaintiff also seeks an injunction, but makes no allegation of the value of the right he seeks to protect. The value of the right is the test of jurisdiction. Since there is no indication that the value of the right to be protected, or the wrong to be prevented, is worth over $10,000, this Court lacks jurisdiction in this action.

### IV

This Court lacks jurisdiction in this action in that plaintiff herein has a speedy and efficient remedy in the State courts of which he has not availed himself.

### V

Any Conclusions of Law contained in the Findings of Fact are deemed incorporated herein by reference.

## ORDER

By reason of the foregoing Decision, Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED that judgment be entered herein dismissing the complaint of the plaintiff Joseph Peter Sheraga against the defendant State of California, and each and every cause of action and claim for relief set forth therein.

Let judgment be entered accordingly.