**NATURAL GAS PIPELINE COMPANY OF AMERICA et al., Plaintiffs,**

**v.**

**Ruth SERGEANT, County Treasurer of Anderson County, Kansas, et al.,**

**Defendants.**

**No. W–4579.**

United States District Court,
D. Kansas.

Jan. 11, 1972.

William S. Richardson, Mark H. Adams, II, John S. Seeber, and Floyd Jensen, of Adams, Jones, Robinson & Malone, Wichita, Kan., for all plaintiffs.

F. Vinson Roach and Frank J. Duffy, Omaha, Neb., for Northern Natural Gas Co.

Ross, Hardies, O'Keefe, Babcock, McDugald & Parsons, Chicago, Ill., for Natural Gas Pipeline Co. of America.

C. A. Conoley, Kansas City, Mo., for Panhandle Eastern Pipeline Co.

Vern Miller, Atty. Gen., Matthew J. Dowd, Edward G. Collister, Jr., John R. Martin, Leonard D. Munker, Asst. Attys. Gen., State of Kansas, Topeka, Kan., for all defendants.

Clarence Malone, Chief Atty., John L. Bingham, Atty., Property Valuation Dept., State of Kansas, Topeka, Kan., for Ronald F. Dwyer, Director of Property Valuation.

V. R. Moen, Ottawa County Atty., Minneapolis, Kan., for County Treasurer, Ottawa County.

R. A. Munroe, County Counselor, Augusta, Kan., for Pauline Higgins, Treas., Butler Co.

Before HILL, Circuit Judge, and BROWN and THEIS, District Judges.

HILL, Circuit Judge.

## OPINION OF THE COURT

This is an action filed by the plaintiffs, Natural Gas Pipeline Company of America, Northern Natural Gas Company and Panhandle Eastern Pipeline Company, against the county treasurers of 51 counties of the State of Kansas and various state officials having taxing responsibilities. By the complaint, the plaintiffs sought to temporarily restrain and permanently enjoin the enforcement, operation or execution of a state statute enacted by the 1971 legislature.

The statute is House Bill No. 1033, as amended by Senate Bill No. 420, and purports to change the statutory procedure with respect to payment and recovery of taxes paid under protest in Kansas. This new enactment is attacked as unconstitutional under various provisions of the federal and state constitutions. The jurisdiction of the court is founded on the existence of a federal question and diversity of citizenship, together with requisite jurisdictional amount. A three-judge court was requested and convened by the Chief Judge of the Court of Appeals of the Tenth Circuit. The defendants have filed a motion to dismiss on the grounds that the court lacks jurisdiction over the subject matter, and that the complaint fails to state a claim upon which relief may be granted.

Defendants, by their motion to dismiss, strongly urge that jurisdiction over the subject matter of this litigation has been specifically withdrawn from the federal court by 28 U.S.C. § 1341 which provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

Plaintiffs argue that 28 U.S.C. § 1341 is inapplicable, as a refund, rather than a collection statute, is in issue. Plaintiffs additionally argue that no plain, speedy and efficient remedy is available in Kansas for refund of taxes paid under protest.

This Court is unconvinced by plaintiffs' argument that 28 U.S.C. § 1341 is inapplicable upon the basis of their contention this is not an action to restrain assessment, levy or collection of a state tax. The refunding procedure is

an integral part of a state's taxing apparatus. The United States Court of Appeals, Tenth Circuit, has so held in Baker v. Atchison, Topeka and Santa Fe Ry. Co., 106 F.2d 525 (10th Cir. 1939), cert. denied 308 U.S. 620, 60 S.Ct. 296, 84 L. Ed. 518. We therefore find 28 U.S.C. § 1341 applicable here.

■■■ We have recently reviewed the remedies available to plaintiffs in the decision in Northern Natural Gas Co. v. Wilson, No. W–4641 (D.Kan.1971). Therein we decided that such remedies were "plain, speedy and efficient"; a recapitulation of the available remedies is here unnecessary. All the remedies discussed in the prior case remain unaltered except for the procedure provided by K.S.A. § 79–2005. The taxpayer may initiate recovery of taxes paid under protest either by maintenance of an action in the proper Kansas district court, or by a proceeding before the State Board of Tax Appeals. K.S.A. § 79–2005, as amended, alters the method of refunding in that interest bearing no-fund warrants may be issued in the event that funds paid under protest are expended by county officials for necessary county functions. No-fund warrants are, of course, negotiable commercial paper; financial institutions purchase them in the ordinary course of business. Certainly this poses no great inconvenience to plaintiffs, nor does this change of procedure render the remedy available under K.S.A. § 79–2005, as amended, any less "plain, speedy and efficient." Plaintiffs do not maintain that they have exhausted all available state remedies. The federal courts cannot intervene until such remedies are exhausted.[1] This Court must therefore decline jurisdiction as provided by 28 U.S.C. § 1341.

The action is dismissed.

[1.] Martin v. Creasy, 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d 1186 (1959); Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447 (1931); City of Montgomery, Alabama v. Gilmore, 277 F.2d 364, 370 (5th Cir. 1960); Delaware, Lackawanna and W. R. Co. v. Kingsley, 189 F. Supp. 39, 51 (D.N.J.1960); Chicago and N.W. Ry. Co. v. Lyons, 148 F.Supp. 787, 789 (S.D.Ill.1957).