FORD MOTOR COMPANY v CITY OF DETROIT

THE BUDD COMPANY v CITY OF DETROIT

1. TAXATION—WAREHOUSE EXEMPTION—AVERAGING INVENTORY—CONSTRUCTION OF STATUTES.

   The statutory provisions for averaging inventory and the warehouse exemption for inventory in transit in interstate commerce are mutually exclusive, and therefore a taxpayer may either accept the valuation of his inventory on tax day and claim the warehouse exemption where applicable or average his inventory, but he may not combine inventory averaging with the warehouse exemption (MCLA 211.1; 211.13).

2. TAXATION—WAREHOUSE EXEMPTION—RECAPTURE—CONSTRUCTION OF STATUTES.

   Goods exempted from taxation because they were in a public warehouse awaiting shipment out of state but which were not in fact shipped by the end of a year may be recaptured for taxation only in a subsequent year (MCLA 211.9).

3. TAXATION—EXEMPTION—SPECIAL TOOLS—CONSTRUCTION OF STATUTES.

   The statute creating an exemption for taxation of special tools and providing reimbursement for certain previous assessments of such tools was intended by the Legislature to apply to the year 1965 because the statutory language based reimbursement on assessments on the 1964 tax roll and because the effective date of the act was January 1, 1965 (MCLA 211.96).

Appeals from Wayne, George E. Bowles and Thomas J. Foley, JJ. Submitted December 15,

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation § 202 *et seq.*
[2] 15 Am Jur 2d, Commerce § 55.
   Property destined for, or in course of, removal from state as subject to taxation therein, 11 ALR2d 946.
[3] No references.

1972, at Detroit. (Docket Nos. 8055; 10488–10501.) Decided October 24, 1972.

Complaint by the Ford Motor Company against the City of Detroit and others to recover personal property taxes paid under protest. Summary judgment for plaintiff. Defendants appeal. Plaintiff cross-appeals. Reversed and remanded. (Nos. 10488–10501.)

Complaint by The Budd Company against the City of Detroit and others to recover personal property taxes paid under protest. Judgment for defendants. Plaintiff appeals. Reversed and remanded. (No. 8055.)

*Dennis R. Pollard,* for plaintiff Ford Motor Company.

*Long, Ryan, Franseth, Goodenough & Smith* (by *Richard H. May),* for plaintiff The Budd Company.

*Michael M. Glusac,* Corporation Counsel, and *Julius C. Pliskow, Lawrence W. Morgan,* and *Arthur Yim,* Assistants Corporation Counsel, for defendants City of Detroit and Robert J. Temple, its Treasurer.

*William L. Cahalan,* Prosecuting Attorney, and *Aloysius J. Suchy, William F. Koney,* and *William F. Connolly,* Assistant Prosecuting Attorneys, for defendants Wayne County and Louis H. Funk, its Treasurer.

*Amicus Curiae: Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch,* Assistant Attorney General.

Before: HOLBROOK, P. J., and T. M. BURNS and
DANHOF, JJ.

DANHOF, J. These consolidated cases present a
question regarding the method of computing the
value of inventory on tax day, *i.e.,* December 31,
MCLA 211.2; MSA 7.2.' The problem arises when a
taxpayer wishes to claim an exemption for inven-
tory stored in a public warehouse designated as in
transit in interstate commerce, and at the same
time averages inventory over a 12-month period
rather than using the tax-day valuation. The stat-
ute governing averaging inventory is MCLA
211.13; MSA 7.13, which provides in part:

"Inventories of goods, wares, materials, merchandise
and supplies such as are commonly used in trade or
commerce or manufacture shall, upon the filing by the
owner thereof of a sworn statement with the assessing
officer showing the total of such inventories for each of
the preceding 12 months ending December 31, be as-
sessed on the basis of the average monthly inventory
for such 12-month period."

The statute governing the exemption for goods
in a warehouse is MCLA 211.9; MSA 7.9, which
provides in part:

"All products, materials and/or goods processed or
otherwise and in whatever form but expressly excepting
alcoholic beverages, located in a public warehouse, dock
or port facility on December 31 of each year, if such
products, materials and/or goods have been designated
as in transit to destinations out of state pursuant to the
published tariffs of any railroad or common carrier by
the filing of the freight bill covering such products,
materials and/or goods with the agency designated by
such tariffs, so as to entitle the shipper to transporta-
tion rate privileges: Provided, That to obtain exemption
the owner shall be required to file a sworn statement
with, and in the form required by the assessing officer,

of the tax district in which the warehouse, dock or port facility is located, at a time between the tax day, December 31, and before closing of the assessment rolls by the assessing officer, describing the products, materials and/or goods and reporting their cost and value as of December 31 of each year: Provided, *That the status of persons, and products, materials and/or goods for which exemption is requested shall be determined as of December 31, which shall be the tax day. The assessment on the basis of average monthly inventory shall not apply in valuing products, materials and/or goods for which exemption is requested:"* (Emphasis added.)

When the assessment is made on the basis of the average monthly inventory the figures for each month are added together and then divided by 12. The defendants' original contention was that the value of the exemption must be subtracted from the inventory before it is divided by 12. The plaintiffs contended that it must be subtracted after the division. In his brief *Amicus Curiae,* which was requested by this Court, the Attorney General[1] has argued that the Legislature intended the statutes to be mutually exclusive, and, therefore, a taxpayer may either (1) accept the valuation of his inventory on tax day and claim the warehouse exemption where applicable, or (2) average his inventory, but he may not combine inventory averaging with the warehouse exemption. The defendants and plaintiff The Budd Company have now adopted the Attorney General's argument and only Ford Motor Company continues to dispute the question.

We are also persuaded by the Attorney General's argument and we hold that the provisions for averaging and the warehouse exemption are incompatible. The Legislature has not provided a

[1] Neither the State of Michigan nor the State Tax Commission is a party to this action.

specific method for computing the valuation when both statutes are applied, and the reason for this is that the Legislature intended that the taxpayer have the option of proceeding under either statute but not under both. Neither of the methods of computation suggested by the parties gives full effect to both statutes. We read the statutory language of the provision forbidding the use of the assessment on the basis of average monthly inventory in the valuation of goods stored in a public warehouse as a further legislative recognition of the incompatibility of the statutes. Since neither of the trial courts resolved this question correctly both judgments must be reversed and the parties given the option of proceeding under either statute. The remaining issues involve only the Ford Motor Company's appeal.

The statute, MCLA 211.9; MSA 7.9, provides for the recapture and taxation of exempted inventory in the following words:

"[G]oods not shipped to a point or points outside the state of Michigan shall be assessed upon the next succeeding assessment roll, or on any subsequent assessment roll by the assessing officer and taxed at the same rate of taxation as other taxable properties for the year or years for which such property was exempted."

The defendants contend that if goods are exempted from the tax because they are in a public warehouse awaiting shipment out of state, they must be recaptured at the end of the year if they have not been shipped. We do not agree. The statute clearly contemplates recapture in a subsequent year.

The defendants contend that the trial court erred in awarding interest. This contention lacks merit. See *Ready-Power Co v Dearborn,* 336 Mich 519 (1953).

The plaintiff Ford Motor Company has filed a cross appeal contending that the trial court erred in holding that exemption for special tools, MCLA 211.9b; MSA 7.9(2), did not apply to the year 1965. The statute provides in part:

"Every city or village assessor or township supervisor who assessed special tools as defined in this section and spread taxes against them on the *1964 tax roll* of his unit shall certify, not later than January 20, 1965, the valuation of said property subject to the approval of the state tax commission. The auditor general shall draw his warrant upon the state treasurer on July 1, 1966 in the amount of 100%, on July 1, 1967 in the amount of 75%, on July 1, 1968 in the amount of 50%, on July 1, 1969 in the amount of 25% of the taxes so certified. The auditor general shall immediately forward the warrant to the treasurer of the city, village or township on whose behalf the certificate was filed. The treasurer receiving the warrant shall disburse its proportionate share to each local unit for which taxes were spread on the *1964 tax roll.*" (Emphasis added.)

The fact that reimbursement was to be based on the 1964 tax roll, together with the fact that the effective date of the act was January 1, 1965, lead us to the conclusion that the exemption was in effect in 1965. Therefore, this portion of the judgment must be reversed.

Reversed and remanded for further proceedings not inconsistent with this opinion.

All concurred.